Thetge *v.* The State.

---

No. 10,296.

## THETGE *v.* THE STATE.

CRIMINAL LAW.— *Verdict.*—*New Trial.*—Where, on the trial of a criminal cause, the verdict of the jury finds the defendant guilty of an act

Thetge *v*. The State.

which, in the nature of things, he could not commit, which the law does not recognize as an offence, and with the commission of which he is not charged, such verdict is contrary to law, and a motion for a new trial, for that cause, ought to be sustained and a new trial granted.

From the Dearborn Circuit Court.

*H. D. McMullen, D. T. Downey* and *S. R. Downey*, for appellant.

HOWK, J.—The indictment in this case charged in substance, that the appellant, on the 23d day of April, 1882, at Dearborn county, " did then and there feloniously, wilfully, purposely and with premeditated malice, in a rude, insolent and angry manner, unlawfully touch, cut, stab, and wound and injure one Charles Fenney with a deadly and dangerous weapon, to wit, a knife which he, the said Andrew Thetge, then and there had and held in his hand, with intent then and there, and thereby, him the said Charles Fenney, feloniously, wilfully, purposely and with premeditated malice to kill and murder, contrary to the form of the statute," etc.

Upon the appellant's arraignment and plea of not guilty, the issues joined were tried by a jury, and a verdict was returned in substance, as follows :

" We, the jury, find the defendant guilty of an assault and battery, with intent, involuntarily, but in the commission of an unlawful act, to murder Charles Fenney, as charged in the indictment, and that the defendant be imprisoned in the State's prison for two years, and fined one dollar."

The appellant's motion for a new trial having been overruled by the court, and his exception saved to such ruling, he then moved the court in writing for a judgment in his favor and for his discharge from custody. This motion having been overruled, and an exception noted, the court rendered judgment against the appellant for the fine assessed by the jury and the costs of prosecution, and that he be imprisoned in the State's prison for the period of two years. Afterwards the appellant moved the court in writing to set aside

its judgment against him and to discharge him from custody; and this motion having been overruled, and his exception saved to such ruling, he has appealed from such judgment to this court.

The first error assigned here by the appellant is the decision of the circuit court in overruling his motion for a new trial. In this motion, the first cause assigned for such new trial was, that the verdict of the jury in this case is contrary to law.

We have given an exact copy of the verdict, in our statement of this case. It is very clear, we think, that the jury intended, in and by their verdict, to find the appellant guilty, and did find him guilty, of an assault and battery with intent to commit involuntary manslaughter. Such an offence, if such it may be called, is wholly unknown to the law of this State, and certainly the indictment in this case did not charge the appellant with such offence. In *State* v. *Throckmorton*, 53 Ind. 354, this court said: "Of manslaughter there are two kinds, voluntary and involuntary. It may be conceded that there can be no such thing as an assault, or an assault and battery, with intent to commit manslaughter of the involuntary kind."

Where, as in this case, the verdict finds the defendant guilty of an act, which, in the nature of things, he could not commit, which the law does not recognize as an offence, and with the commission of which he was not charged, it seems to us that such a verdict is contrary to law. For this cause, we think that the appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, and the cause remanded for a new trial.

The clerk of this court will issue the proper notice for the return of the appellant to the sheriff of Dearborn county.

Petition for a rehearing overruled.