GRAZER *v.* STATE OF INDIANA

[No. 27,541.   Filed September 18, 1941.]

*Frank C. Eichelberg* and *Proctor & Proctor,* all of Elkhart, for appellant.

*George N. Beamer,* Attorney General, and *John R. Walsh,* Deputy Attorney General, for appellee.

ROLL, J.—Appellant was charged by affidavit in two counts. The first count charged that appellant assaulted and resisted Albert McGuffin, a police officer of the City of Elkhart, while said police officer was engaged in the execution of his duties as such officer, and that in such assault and resistance appellant attempted to use a revolver loaded with gun powder and bullets and to commit bodily injury upon the said officer.

The second count was the same as the first, and in addition thereto charged that the defendant had been theretofore convicted of a felony three times and had been duly sentenced, imprisoned and served time under each conviction.

The cause was tried by jury and a verdict returned, finding appellant guilty as charged in the first and second counts. Judgment was entered by the court on the verdict, and the punishment fixed for the offense charged was imprisonment in the Indiana Prison for one year. The court found in accordance with the verdict that appellant was an habitual criminal and sentenced him to life imprisonment.

Appellant filed his motion for a *venire facias de novo*, a motion in arrest of judgment, and a motion for a new trial. Each of the above named motions was overruled. The ruling on each of the above named motions is assigned as error on this appeal.

In support of his first assigned error, appellant makes the assertion that the verdict is so defective on its face that it precludes pronouncement of judgment thereon and cites in support thereof four cases. He cites the case of *Kendall* v. *State* (1915), 183 Ind. 162, 105 N. E. 899.

Appellant does not attempt to point out any defect or uncertainty in the verdict. The above case gives no support to appellant's contention, but is in fact authority against him. It was stated therein, that unless the verdict is so defective and uncertain that no judgment can be rendered thereon, a motion for a *venire de novo* will not be sustained. The verdict herein was not subject to the objection urged and there was no error in refusing a *venire de novo*.

Appellant's second assignment of error relates to the overruling of his motion in arrest of judgment. In support of his motion appellant merely asserts that the facts stated in count one and count two are not sufficient to constitute a public offense. No attempt is made to point out any defect. We are not in any way aided by appellant's brief on this ques-

tion. The affidavit follows the language of the statute defining the offense, and in our judgment was sufficient. We find no reversible error in overruling appellant's motion in arrest of judgment.

Appellant in his motion for a new trial complains of the giving of three instructions, namely, Nos. 5, 12, and 18.

Appellant's objections to instructions Nos. 5 and 12 are so devoid of any merit we will not give either the time or space necessary to state them in this opinion.

Instruction No. 18 is as follows:

"The court instructs you that it is a settled principle that voluntary drunkenness is not an excuse for a criminal act committed during such drunkenness or intoxication. Such drunkenness is, in itself, a wrongful act, for the immediate consequences of which the law will hold the party liable. And although in this case it may appear that the defendant, Leo Edward Grazer, was so intoxicated as to be unable to form any criminal intent, yet if he voluntarily caused his own intoxication and while in that condition was a party to a crime, the law may hold him guilty of such criminal intent by reason of the consequences of such voluntary drunkenness."

Appellant's only objection to this instruction is:

"Since there was a special plea of insanity this instruction should not have been limited to defensive matter labelled 'voluntary drunkenness.' The question of his insanity was before the jury to determine upon all the circumstances, and his prior dissipation and actual drunkenness at the time of the alleged crime were facts to consider whether he was, at the instant of the crime, suffering from such a degree of mental unsoundness as to destroy his capacity to distinguish between right and wrong in that particular case."

The record discloses that the court appointed two physicians to examine appellant's mental condition, and

they testified at the trial on the question of appellant's sanity. The court instructed the jury on this question and appellant raises no question as to the correctness of those instructions.

Appellant was prosecuted under § 10-1005, Burns' 1933, § 2525, Baldwin's 1934, Acts 1929, ch. 101, § 1, p. 310.

While in certain cases involving specific intent, the correctness of the above instruction might be subject to criticism, yet under the provisions of the above statute, we find no merit in the objection urged by appellant.

Appellant also attempts to present the question of the sufficiency of the evidence to support the verdict. He contends that there was no evidence that appellant attempted to use a revolver while resisting arrest. Surely appellant's counsel cannot be taken seriously on this proposition, for the officer making the arrest testified positively and fully on that subject. The jury evidently believed the officer, and under the well-established rule, adopted by this court, we will not disturb the verdict on appeal if it is supported by competent evidence on every material element.

We find no reversible error.

Judgment affirmed.

NOTE.—Reported in 36 N. E. (2d) 279.