MIDLAND *v.* STATE OF INDIANA.

[No. 27,788. Filed January 14, 1943.]

*Allen & Allen,* of South Bend, for appellant.

*George N. Beamer,* Attorney General, and *Norman E. Duke,* Deputy Attorney General, for the State.

RICHMAN, C. J.—Appellant was sentenced to life imprisonment under the habitual criminal statute, §§ 9-2207 and 9-2208, Burns' 1933, §§ 2343 and 2344, Baldwin's 1934. The second count of the affidavit, upon which he was convicted, attempted to charge two prior convictions, sentences and imprisonments, the first for rape, the second for an offense under the laws of the United States. That part of the affidavit which pertains to the latter offense reads as follows:

"And GERTRUDE E. SHENEFIELD, further says upon her oath that Fred Midland, alias Edward J. Novak, alias Harry Zalcman, alias Edward Novak, alias Harold Joseph Miller, alias Harry Hamilton, alias Harry B. Stauffer, was on the 3rd day of January, A. D., 1939, convicted in the District Court of the United States for the Southern District, California Central Division, of a felony, to-wit: obtaining value by pretending to be an officer and employee of the United States of America, and that as a result of, and based on such conviction, said defendant was sentenced by said District Court of the United States for the Southern District, California Central Division, to the United States Penitentiary at ——, in the State of ——, which was then and there a penal institu-

tion, for a term of One (1) year and One (1) day, and that in pursuance of said judgment said Fred Midland, alias Edward J. Novak, alias Harry Zalcman, alias Edward Novak, alias Harold Joseph Miller, alias Harry Hamilton, alias Harry B. Stauffer, was imprisoned at the said United States Penitentiary at ——— in the State of ———, in accordance with said sentence, . . ."

Appellant's motion to quash this count on the ground that it "fails to state the alleged offense with sufficient certainty" was overruled and this ruling is assigned as error. The first sentence of § 9-2208, Burns' 1933, § 2344, Baldwin's 1934, reads:

"To authorize a sentence of imprisonment for life under this act, the indictment or affidavit shall allege that the defendant has been previously twice convicted, sentenced and imprisoned in some penal institution for felonies, describing each separately."

A permissible grammatical construction of this sentence is that only the felonies need to be described separately. But considering the sentence as a whole, its punctuation, the remainder of the act and the fact that life imprisonment is imposed in addition to the separate penalties for each offense, we think the court in *Kelley* v. *State* (1933), 204 Ind. 612, 616, 185 N. E. 453, 455, correctly concluded that, "To authorize a life sentence, the previous convictions, sentences and imprisonments must be described specifically, and the jury must find that the defendant was convicted, sentenced and imprisoned in the instances described, and not otherwise." A description of an imprisonment surely is not complete without a designation of the place of imprisonment. This evidently was understood by the author of the affidavit who provided a blank for the insertion of such a description but failed to fill in the blank. We think that the affidavit was so uncertain as

to be subject to the motion to quash which should have been sustained.

In *State* v. *Dowden* (1908), 137 Iowa 573, 575, 115 N. W. 211, 212, the court said, "It is not neccessary that the indictment charge where the prison was in which defendant was committed; but if this were true we think it sufficiently appears from the charge that defendant was committed to prison in this State." The . Iowa statute is similar to § 9-2207, Burns' 1933, § 2343, Baldwin's 1934, but does not contain the restrictive conditions as to pleading and proof found in § 9-2208, *supra,* and therefore we do not regard the dictum in this case as authority contra to the interpretation which has been given our statute.

The record discloses that for the federal offense above mentioned appellant was committed to the custody of the Attorney General of the United States "for imprisonment in an institution of the penitentiary type," presumably pursuant to Title 18, § 753(f) of the Criminal Code. He seems to have been confined in "Terminal Island Jail" at San Pedro, California, and in a "work camp" in Pima County, Arizona, but the record is silent as to the length of time he was in either institution. There was no evidence as to whether either was a "penal institution" within the meaning of the Indiana statute. This question is not for our determination but is brought to the attention of the trial court since there may be another trial in which such an issue may be presented.

The alleged lack of certainty in the first count of the affidavit discussed in appellant's brief was not such that the court erred in overruling the motion to quash that count. In any event the error was waived by the plea of guilty thereto.

The judgment is reversed with instructions to the

trial court to set aside the verdict and to sustain the motion to quash the second count of the affidavit.

NOTE.—Reported in 46 N. E. (2d) 200.