GOLDSTINE *v.* STATE OF INDIANA.

[No. 28,833.  Filed February 7, 1952.]

*Robert A. Buhler, Chester A. Lincoln* and *James P. Murphy,* all of Fort Wayne, for appellant.

*J. Emmett McManamon,* Attorney General; *John Ready O'Connor, Norman J. Beatty* and *William T. McClain,* Deputy Attorneys General, for appellee.

·JASPER, J.—Appellant was charged by affidavit in five counts with (1) entering to commit a felony, under §10-704, Burns' 1942 Replacement; (2) possession of burglar tools, under §10-703, Burns' 1942 Replacement; (3) automobile banditry, under §10-4710, Burns' 1942 Replacement; (4) robbery while armed, under §10-4709, Burns' 1942 Replacement; and (5) second degree burglary, under §10-701, Burns' 1942 Replacement. A motion to quash was filed to each count of the affidavit and was overruled. There was a plea of not guilty to each count, trial was by jury, a verdict of guilty was returned on each count of the affidavit, and a further verdict returned finding appellant guilty of grand larceny, and sentence on each followed.

Appellant first assigns as error the overruling of his motion to quash the affidavit and each of the five counts thereof.

The Attorney General in a forthright manner admitted error in count three. There was a failure to charge one of the necessary elements of the offense of automobile banditry, based on the crime of robbery. This count did not allege that property was taken from the person or possession, or in the presence, of the person robbed, or that there was an attempt to take property from the person or posses- sion, or in the presence, of the person robbed. Neither were the elements of larceny alleged. *Pope* v. *State* (1949), 227 Ind. 197, 84 N. E. 2d 887. The motion to quash this count should have been sustained. It was error not to do so. *Chizum* v. *State* (1932), 203 Ind. 450, 453, 180 N. E. 674; *Ramsey* v. *State* (1932), 204 Ind. 212, 183 N. E. 648.

It is further admitted by the Attorney General that count four of the affidavit, charging robbery while

armed, failed to allege the necessary elements of the offense of robbery.[1] The pertinent part of count four is as follows:

"David J. Milbourn first being duly sworn upon his oath says that on or about the 5th day of September, 1950 in the County of Noble, State of Indiana Sam Goldstein did then and there unlawfully, feloniously commit and attempt to commit a crime: to-wit: robbery and that he was armed with a dangerous and deadly weapon, to-wit: a pistol contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Indiana."

We agree with the admission of error.

This count is further defective, and subject to a motion to quash, in that it fails to allege that appellant was over the age of sixteen years. Section 10-4709, Burns' 1942 Replacement, *supra*, provides: "Any person who being over sixteen [16] years of age, commits or attempts to commit . . . ." This section of the statute makes the allegation as to age a necessary element, and without it the affidavit is so uncertain that it was subject to a motion to quash. *Wiley* v. *State* (1876), 52 Ind. 516. Appellee argues that the defect was cured by the evidence of the accused. To this we cannot agree. To support this proposition, appellee cites *Adams* v. *State* (1946), 224 Ind. 472, 69 N. E. 2d 21. However, in that case there was no motion to quash filed, and the accused stipulated his age at the time of entering his plea. The court held that this cured the defect. In the case at bar, appellant was entitled to have the affidavit made sufficiently certain so as to advise him of the offense

---

[1] See "Robbery," Ewbank *Criminal Law* (2d Ed.), §§913, 914, pp. 703, 704, 705.

charged. Without the allegation as to age, as required by the statute, the offense was subject to a motion to quash. It was error to overrule the motion.

The verdict of the jury finding appellant guilty of the crime of grand larceny was based upon the fourth count of the affidavit, charging robbery while armed. Since the necessary elements of robbery were not alleged, and none of the elements of the offense of grand larceny was alleged, there could not be a finding of guilty of the crime of grand larceny. *Hazlett* v. *State* (1951), 229 Ind. 577, 99 N. E. 2d 743. It was error to enter judgment for the crime of grand larceny.

Appellant further asserts that the motion to quash should have been sustained as to count two of the affidavit, charging the possession of burglary tools, under §10-703, Burns' 1942 Replacement,[2] *supra,* contending that it was necessary to separately describe such tools; and further contending that, in charging the prior conviction, it was necessary for appellee to allege the name of the court where the prior conviction was obtained, the charge on which the accused was tried, and the date and effect of the judgment of conviction. Count two of the affidavit, omitting the formal parts, is as follows:

"David J. Milbourn first being duly sworn upon his oath says that on or about the 5th day of September, 1950 in the County of Noble, State of Indiana, Sam Goldstein, who had previously been con-

---

[2] "If any person previously convicted of a felony be found having in his possession any burglar tools or implements with intent to commit the crime of burglary, such person shall be deemed guilty of a felony, and on conviction thereof shall be imprisoned not less than two [2] years nor more than fourteen [14] years, and the possession of such tools or implements shall be prima facie evidence of the intent to commit burglary."

victed of a felony, to-wit: robbery, did then and there unlawfully and feloniously have in his possession burglary tools and implements with the intent to commit the crime of burglary, contrary to the form of the statute in such cases made and against the peace and dignity of the state of Indiana."

The motion to quash was based on the two statutory grounds——that the facts in count two did not constitute a public offense and did not state the offense charged with sufficient certainty. The general rule is that an offense stated in the substantial language of the statute is sufficient as against a motion to quash. However, §10-703, Burns' 1942 Replacement, *supra,* is an exception to the rule. The words "burglar tools or implements," as used therein, are of such a general character that they are not sufficiently certain in themselves to apprise the accused of the charge when a motion to quash is filed. We feel that the law is well stated in 9 Am. Jur., §88, pp. 282, 283, as follows:

"The indictment should contain a sufficient description of the tools to advise the accused as to what particular tools he is charged with having in his possession."

The averment in count two of the affidavit ". . . have in his possession burglary tools and implements . . ." is a material fact, stated in a defective manner and form. It is not sufficiently certain, and therefore is subject to the motion to quash.[3] We cannot agree with the argument of appellee to the effect that to describe the tools would be pleading evidence, as the burglary tools, if not substantially described, could cause the accused to face the possibility

---

[3] See *Dougherty* v. *State* (1934), 206 Ind. 678, 680, 191 N. E. 84, for affidavit in wording of statute not subject to a motion in arrest of judgment.

of being twice placed in jeopardy. Further, a substantial description of the tools is necessary to advise appellant of the crime with which he is charged. The second count of the affidavit is further not sufficiently certain in that it failed to allege the time, place, and judgment of the alleged previous conviction[4] of the felony of robbery. It is necessary, in order to properly advise appellant of the offense charged, to allege the previous felony of which he was convicted, with the time, place, and judgment. Failure to allege the previous conviction with sufficient certainty renders the charge subject to the motion to quash the second count of the affidavit.

The Attorney General further frankly admits that appellant was charged under the first count of the affidavit with entering to commit a felony, under §10-704, Burns' 1942 Replacement, *supra,* and was not charged with third degree burglary, under §10-701, Burns' 1942 Replacement, *supra.* The record reveals that the jury was instructed concerning the offense of third degree burglary, that a verdict of guilty of the crime of third degree burglary was returned, that judgment was rendered against appellant for third degree burglary, and that sentence followed. Third degree burglary is not an included offense in entering to commit the felony charged herein, under §10-704, Burns' 1942 Replacement. The law is well settled that if a person is found guilty of a crime that is not charged in the affidavit or indictment, the verdict is contrary to law. *McGuire* v. *State* (1875), 50 Ind. 284; *Thetge* v. *State* (1882), 83 Ind. 126; *Hazlett* v. *State* (1951), 229 Ind. 577, 99 N. E. 2d 743, *supra.* The trial court committed error in entering judgment against appellant for third degree burglary.

---

4 See "Conviction," 9 Words and Phrases, p. 593 *et seq.*

Count five of the affidavit adequately charges the crime of second degree burglary, and the motion to quash was properly overruled. Appellant contends that count five of the affidavit failed to allege the ownership of the building or structure. The pertinent part of the affidavit charged that ". . . Samuel Goldstein did then and there unlawfully, feloniously, and burglarously, break and enter into the grocery store of Roy Kellam . . . ." This is sufficient to allege ownership.[5] In the case of *Lee* v. *State* (1938), 213 Ind. 352, 354, 12 N. E. 2d 949, this court approved an affidavit in which the appellant was charged with second degree burglary, and in which ownership was alleged as "the granary of one Chris Grewe." We again approve the last-cited case. Appellant further contends that there was no allegation in count five of the affidavit to the effect that a building or structure was broken into and entered. However, the term "grocery store," in common usage, means a building or structure in which groceries are kept for sale. We feel that the case of *Lee* v. *State, supra,* is also decisive of this question. The motion to quash was properly overruled as to this count.

Appellee contends that, since one count of the affidavit was in proper form, upon which a verdict and judgment had been correctly entered, the other errors were harmless. To this we cannot agree.

Harmful error was committed by overruling the motion to quash counts two, three, and four, and in allowing evidence to be introduced on the erroneous counts, which evidence would not have been admissible if the counts had been quashed. Appellee had the burden of showing by the record in the case that appellant was not prejudiced or harmed by the erro-

---

[5] See 12 C. J. S., Burglary, §38 b., p. 699.

neous rulings and inadmissible evidence. In this appellee has failed. *Miller* v. *State* (1910), 174 Ind. 255, 91 N. E. 930. Because of the errors committed, the substantial rights of appellant were prejudiced. *Rickman et al.* v. *State* (1952), 230 Ind. 262, 103 N. E. 2d 207.

Judgment reversed, with instructions to sustain the motion to quash counts two, three, and four of the affidavit, and to sustain the motion for a new trial.

NOTE.—Reported in 103 N. E. 2d 438.