SHUTT *v.* STATE OF INDIANA.

[No. 29,086. Filed February 11, 1954.]

*John G. Bunner,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl Humble,* Deputy Attorney General, for appellee.

GILKISON, J.—By an amended affidavit appellant was charged in the trial court with the crime of robbery. He was further charged in the affidavit under the habitual criminal law—that part of the charge, omitting caption, signature, verification and approval, is as follows:

". . . the affiant further says that the said Melvin Shutt was on or about the 15th day of

May, 1937 convicted of a felony, to-wit: the crime of auto theft, in the Commonwealth of Kentucky, and based upon said conviction the said defendant was sentenced to the Kentucky State Penitentiary at Eddyville, Kentucky, which was then and there a penal institution for a term of two (2) years and that in pursuance of said sentence, the said defendant was imprisoned in said Kentucky State Penitentiary in accordance therewith; and the affiant further says that the said Melvin Shutt, was, on or about the 24th day of May, 1938, convicted of a felony, to-wit: the crime of auto theft in the Commonwealth of Kentucky, and based upon such conviction the said. defendant was sentenced to the Kentucky State Penitentiary at Eddyville, Kentucky, which was then and there a penal institution for a term of four (4) years and that in pursuance of said sentence, said defendant was imprisoned in said Kentucky State Prison in accordance therewith; and affiant further says that the said Melvin Shutt was, on or about the 23rd day of January, 1945 convicted of a felony, to-wit: the crime of second degree burglary, in the Vanderburgh Circuit Court, and based upon said conviction said defendant was sentenced by the Vanderburgh Circuit Court, Vanderburgh County, Indiana, to the Indiana State Reformatory at Pendleton, Indiana, which was then and there a penal institution, for a term of not less than two (2) years nor more than five (5) years and that in pursuance of said sentence, said defendant was imprisoned in said Indiana State Reformatory in accordance therewith,

Then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana."

The appellant filed his motion to quash the amended affidavit for reasons: 1. That the facts stated in the amended affidavit do not constitute a public offense. 2. That the amended affidavit does not state the offense with sufficient certainty. The motion to quash was overruled.

On the date of the trial and before the preliminary instructions were read to the jury and before the introduction of any evidence by either party, appellant filed his written objection to being placed on trial, and asking that all that part of the affidavit designed to charge him with being an habitual criminal be stricken from the affidavit. Omitting the caption, signature and the reasons stated, this motion is as follows:

"The defendant, Melvin Shutt, by his attorney John G. Bunner, after the jury has been sworn in the within cause, and before the opening statement of counsel, and before any evidence has been introduced in the within matter, submits to the court his plea in bar herein, and objects to being placed on trial and his liberty being placed in jeopardy in the within cause for the following reasons:

That that portion of the amended affidavit herein alleging that the defendant has been previously convicted and imprisoned for felonies, which said allegations are included in said amended affidavit pursuant to Sections 9-2207 and 9-2208, Burns' Indiana Statutes, 1942 Replacement, Volume 4, Acts of 1907 Ch. 82, Sections 1 and 2, p. 109, and which said portion of the amended affidavit reads as follows:

The motion then states that part of the affidavit attempting to charge the status of habitual criminal as heretofore copied in this opinion. Seven separate reasons are then given, each of which question the constitutionality of the habitual criminal statute (Secs. 9-2207, 9-2208, Burns' 1942 Repl.). The prayer for relief is as follows:

"WHEREFORE, the defendant prays the Court that he not be placed upon trial under that part of the amended affidavit herein which states that the defendant has been previously convicted of felonies, and which allegations are pursuant to Sections 9-2207 and 9-2208 Burns' Indiana Statutes, 1942 Replacement, Volume 4, Acts of 1907, Ch. 82, Sections 1 and 2, p. 109 and that those portions of

the amended affidavit herein alleging said previous convictions be stricken therefrom, and that those charges against the defendant which allege him to be an habitual criminal be dismissed."

This written motion and objection was overruled.

Appellant objected to the court reading the amended affidavit to the prospective jurors after they had been sworn as prospective jurors, and before any of them had been selected to try the case, for the reason that thereby the court informed the proposed jurors of the defendant's previous conviction of felonies, causing a prejudice to exist in their minds against him. This objection was overruled.

Appellant filed a motion in arrest of judgment for the alleged reason, that the facts stated in the amended affidavit do not constitute a public offense. A memorandum thereto limits this motion to that part of the affidavit attempting to charge him with being an habitual criminal. One of the defects specified is that the affidavit does not state in what court in the state of Kentucky appellant was convicted, in either of the alleged convictions in that state. The other reason is that the habitual criminal statute is unconstitutional, reasons for the contention being fully stated.

The appeal can be determined without a consideration of the constitutional questions presented. For that reason we have omitted any discussion of such questions. 16 C. J. S.—Constitutional Law— Sec. 94 pp. 207, 208; *Poer, Trustee* v. *State ex rel. Hinshaw* (1918), 188 Ind. 55, 60, 121 N. E. 83; *State ex rel. Thompson et al.* v. *Wheaton* (1923), 193 Ind. 30, 36, 138 N. E. 820; *State ex rel. Johnson* v. *Clayton* (1937), 211 Ind. 327, 330, 7 N. E. 2d 32.

We shall discuss together the motion to quash, the written objections to being placed on trial and to strike from the amended affidavit that part thereof alleging

previous convictions, the objections to the court reading the amended affidavit to prospective jurors, and the motion in arrest of judgment since they present the same questions.

On these propositions our court has always held that,

"To authorize a life sentence, the previous convictions, sentences and imprisonments must be described specifically, and the jury must find that the defendant was convicted, sentenced and imprisoned in the instances described and not otherwise." *Kelley* v. *State* (1933), 204 Ind. 612, 616, 185 N. E. 453, 455; *Barr* v. *State* (1933), 205 Ind. 481, 485, 187 N. E. 259; *Midland* v. *State* (1943), 220 Ind. 668, 670, 46 N. E. 2d 200.

In *Goldstine* v. *State* (1951), 230 Ind. 343, 351, 103 N. E. 2d 438, 442, containing count two of an affidavit, seeking to charge a defendant with having been convicted of the crime of robbery, and with thereafter unlawfully having "in his possession burglary tools and implements with the intent to commit the crime of burglary," (under Sec. 10-703, Burns' 1942 Repl.), among other things we held as follows:

". . . It is necessary, in order to properly advise appellant of the offense charged, to allege the previous felony of which he was convicted, with the time, place, and judgment. Failure to allege the previous conviction with sufficient certainty renders the charge subject to the motion to quash the second count of the affidavit."

Of course all criminal statutes must be strictly construed against the state and in favor of the defendant. *Kistler* v. *State* (1921), 190 Ind. 149, 155, 129 N. E. 625; *Kelley* v. *State* (1933), 204 Ind. 612, 630, 185 N. E. 453, and cases there cited; *Witte* v. *Dowd, Warden* (1951), 230 Ind. 485, 508, 102 N. E.

2d 630, and authorities there cited; *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 11, 106 N. E. 2d 441.

Since the affidavit charged the appellant with robbery under Sec. 10-4101, Burns' 1942 Repl., and also attempted to charge him with the status of an habitual criminal, the motion to quash challenged the sufficiency of the facts with respect to the status as well as the principal charge. Under the rather frequent holdings of this court, the facts stated are not sufficiently certain to charge appellant as an habitual criminal. It should have stated the court and county in which the alleged convictions were obtained. These allegations are specifically required by the statute Sec. 9-2208, Burns' 1942 Repl. thus:

> ". . . the indictment or affidavit shall allege that the defendant has been previously twice convicted, sentenced and imprisoned in some penal institution, for felonies, *describing each separately.* . . ." (Our Italics).

See also *Kelley* v. *State* (1933), 204 Ind. 612, 616, 185 N. E. 453, 455, *supra; Barr* v. *State* (1933), 205 Ind. 481, 485, 187 N. E. 259, *supra; Midland* v. *State* (1943), 220 Ind. 668, 670, 46 N. E. 2d 200, *supra; Goldstine* v. *State* (1952), 230 Ind. 342, 355, 103 N. E. 2d 438, *supra.*

The same deficiencies in the affidavit were presented to the trial court, thereafter successively, in the written objections to being placed on trial and to strike from the amended affidavit, that part thereof alleging previous convictions, objections to the court reading the amended affidavit to prospective jurors, and the motion in arrest of judgment. Certainly the court had ample opportunity to correct its error, but it remained obdurate. The ruling on each of these motions and objections was erroneous.

The court allowed evidence to be introduced on each of the charges of former convictions in the commonwealth of Kentucky. Since overruling the motion to quash that part of the affidavit which attempted to charge appellant with the status of habitual criminal was harmful error, all reference to that charge before the jury, all evidence heard thereon, and all instructions to the jury thereon was harmful to appellant in the trial of the robbery charge. *Kelley* v. *State* (1933), 204 Ind. 612, 619, 185 N. E. 453, *supra;* *Goldstine v. State* (1952), 230 Ind. 343, 352, 103 N. E. 2d 438, 442, *supra.*

The judgment is reversed with instructions to sustain the motion to quash that part of the affidavit which attempts to charge appellant with the status of an habitual criminal, and further proceedings agreeable with this opinion.

Draper, C. J., not participating.

NOTE.—Reported in 117 N. E. 2d 268.