## JOHNSON *v.* STATE OF INDIANA.

[No. 1167S127. Filed March 25, 1969. Rehearing denied May 12, 1969.]

*Dick Clapp,* of Muncie, and *Forrest Bowman, Jr.,* of Indianapolis, for appellant.

John J. Dillon, Attorney General, and Richard V. Bennett, Deputy Attorney General, for appellee.

HUNTER, J.—Appellant was charged by affidavit in three counts with robbery, Ind. Ann. Stat. § 19-4101 (1956 Repl.), being an habitual criminal, Ind. Ann. Stat. § 9-2207 (1956 Repl.), and armed robbery, Ind. Ann. Stat. § 10-4709 (1956 Repl.). He was tried by jury, found guilty on all three counts,

and was sentenced to life imprisonment for being an habitual criminal.

Ind. Ann. Stat. § 9-2208 (1956 Repl.) sets forth how a person is to be charged with being an habitual criminal.

"To authorize a sentence of imprisonment for life under this act, the indictment or affidavit shall allege that the defendant has been previously twice convicted, sentenced and imprisoned in some penal institution, for felonies, describing each separately."

Pursuant to this statute, Count Two of the affidavit in the case at bar charged that the appellant had been previously convicted and imprisoned for two felonies:

". . . that AARON VIRL JOHNSON WAS on or about the 27th day of FEBRUARY, 1948 CONVICTED IN THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF INDIANA, OF A FELONY, TO WIT: INTERSTATE TRANSPORTATION OF A STOLEN MOTOR VEHICLE, IN VIOLATION OF TITLE 18, SECTION 408, OF THE UNITED STATES CODE, AND THAT AS A RESULT OF, AND BASED ON SUCH CONVICTION, SAID DEFENDANT WAS SENTENCED ON FEBRUARY 27, 1948, BY SAID DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF INDANA, TO THE UNITED STATES PENITENTIARY AT TERRE HAUTE, IN THE STATE OF INDIANA, WHICH WAS THEN AND THERE A PENAL INSTITUTION, FOR A TERM OF FIVE (5) YEARS, AND THAT IN PURSUANCE OF SAID JUDGMENT SAID AARON VIRL JOHNSON WAS IMPRISONED AT THE UNITED STATES PENITENTIARY AT TERRE HAUTE, IN THE STATE OF INDIANA, IN ACCORDANCE WITH SAID SENTENCE.

. . .

THAT AARON VIRL JOHNSON WAS ON THE 21ST DAY OF FEBRUARY, 1963, CONVICTED IN SUPERIOR COURT OF DELAWARE COUNTY NO. 2, IN THE STATE OF INDIANA, OF A FELONY, TO WIT: SECOND DEGREE BURGLARY, AND THAT AS A RESULT OF, AND BASED ON SUCH CONVICTION, SAID DEFENDANT WAS SENTENCED ON THE 4TH DAY OF

MARCH, 1963, BY SAID SUPERIOR COURT OF DELA-
WARE COUNTY NO. 2 TO THE INDIANA STATE
PRISON, AT MICHIGAN CITY, IN THE STATE OF
INDIANA, WHICH WAS THEN AND THERE A PENAL
INSTITUTION, FOR A TERM OF NOT LESS THAN
TWO (2) NOR MORE THAN FIVE (5) YEARS, AND
THAT IN PURSUANCE OF SAID JUDGMENT SAID
AARON VIRL JOHNSON WAS IMPRISONED AT THE
SAID INDIANA STATE PRISON, AT MICHIGAN CITY,
IN THE STATE OF INDIANA, IN ACCORDANCE WITH
SAID SENTENCE. . . ."

The appellant filed a verified motion to quash this count on
two separate grounds:

"(1) That said Second *County* (sic) of Affidavit, more
specifically, rhetorical paragraph One (1) thereof,
does not set out with certainty which County of the
State of Indiana the Defendant was found guilty in
and from which County said Defendant was sen-
tenced. The Federal District Court for the Southern
District of Indiana sits in many of the Counties in
the State of Indiana;

(2) That said Second Count of Affidavit violates the
right of Defendant not to incriminate himself in con-
travention of the Fifth Amendment of the Constitu-
tion of the United States and violates further the
Defendant's right to due process of law as provided
by the Fourteenth Amendment of the Constitution
of the United States."

In a memorandum attached to this motion, the appellant ar-
gued that:

"To let the jury in the principal charge hear and know
of defendant's past criminal record, whether he takes the
stand or not, is, in effect, making the defendant testify
against himself and obviously contravenes the protection
of the Fifth Amendment to the Constition of the
United States."

The trial court overruled the motion to quash, and the appel-
lant contends that this ruling constitutes reversible error.

In support of his first contention, appellant argues that an affidavit charging a person with being an habitual criminal must allege two previous convictions with specificity and certainty, and that, since this affidavit did not allege the county in which one of the convictions had been obtained, it was not sufficiently specific. While it is true that the affidavit does not allege that the federal District Court for the Southern District of Indiana is located in Marion County, Indiana, we do not think this is an allegation which is required or appropriate. There is only one District Court of the United States for the Southern District of Indiana; it is not a county court and need not be identified by a county designation. Appellant's reliance on *Shutt v. State* (1954), 233 Ind. 120, 117 N. E. 2d 268, and *Goldstine v. State* (1952), 230 Ind. 343, 103 N. E. 2d 438, is without merit since, in each of those cases, the charge failed to specify the name of the particular court in which the conviction had been obtained. *Midland v. State* (1943), 220 Ind. 668, 46 N. E. 2d 200, is inapplicable to the issues in this case as the affidavit in *Midland* failed to allege where the defendant had been imprisoned.

Appellant's second contention can not be the basis of quashing Count Two of the affidavit. Ind. Anno. Stat. § 9-1129 (1956 Repl.) sets forth the reasons for which a defendant may move to quash an affidavit:

"The defendant may move to quash the indictment or affidavit when it appears *upon the face thereof* either:

First. That the grand jury which found the indictment had no legal authority to inquire into the offense charged.

Second. That the facts stated in the indictment or affidavit do not constitute a public offense.

Third. That the indictment or affidavit contains any matter which, if true, would constitute a legal justification of the offense charged, or other legal bar to the prosecution.

Fourth. That the indictment or affidavit does not state the offense with sufficient certainty."

Since appellant's second contention does not fall within one of the statutory grounds for sustaining a motion to quash, the trial court could not properly have considered this argument in ruling on the motion. *Bottorf v. State* (1927), 199 Ind. 540, 156 N. E. 555. *State v. Jackson* (1918), 187 Ind. 694, 121 N. E. 114. The appellant's objection is not that Count Two of the affidavit is insufficient or improper *on its face,* but rather that it should not have been presented to the jury when they were making a determination on the principal charges. The objection, therefore, should not have been to quash the affidavit itself, but rather to suppress its presentment to the jury until after they determined appellant's guilt or innocence on the principal charges.

To prove the allegations of Count Two, the state introduced Exhibits Nineteen and Twenty. Exhibit Nineteen is a certified copy of a conviction of the appellant by the United States District Court of the Southern District of Indiana for two separate felonies: interstate transportation of a stolen vehicle and illegal possession of a firearm. Exhibit Twenty is a certification of the appellant's commitment to the United States Penitentiary at Terre Haute for both of those convictions and in addition for a conviction for the violation of the White Slave Traffic Act. Thus, in an apparent attempt to prove one of the two previous convictions alleged in the affidavit, the state was actually introducing evidence of two other previous convictions. While the defense counsel vigorously protested the introduction of these exhibits on the grounds that the state had not proved their authenticity and certification, no objections were made on the grounds that it was error to admit evidence of prior convictions. The trial court overruled the objections relating to the certification and authentication of these exhibits and permitted the prosecution to read them to the jury.

The appellant now contends that the trial court committed reversible error in admitting evidence of his past convictions while the jury was determining his guilt or innocence on the

principal charges. He further contends that, even if it was proper to admit evidence establishing the two convictions alleged in the affidavit, it was error for the court to admit evidence of two other unrelated convictions.

Had the trial court admitted the two exhibits over a timely and valid objection by the appellant, this court could have considered the admissability of this evidence. However, there is no contention on appeal that the exhibits were not properly authenticated and certified, and *this was the only objection presented to the trial court.* We can not find that the trial court committed error in failing to consider an evidentiary objection which was not made when the evidence was introduced. *White v. State* (1955), 234 Ind. 193, 125 N. E. 2d 442.

This should not be construed to mean that this court necessarily approves the procedures presently used under the habitual criminal statutes. Had the issue been properly presented, this court might well have questioned the fairness of a procedure which allows the jury to learn of a defendant's past convictions while deciding his guilt or innocence on the principal charge. Regarding this contention, this court has previously stated:

". . . it has been held by the Supreme Court in this state and in other jurisdictions, that the allegation and proof of former convictions are alleged in the affidavit or indictment and shown upon the trial, *for the single purpose of classifying the defendant as an habitual criminal,* and for no other purpose. The jury has no right to consider such proof as bearing upon the charge for which the defendant is upon trial, except in so far as he has been cross-examined concerning those convictions" (our emphasis). *Metzger v. State* (1938), 214 Ind. 113, 117-118, 13 N. E. 2d 519, 521.

In other words, the justification for allowing evidence of prior convictions has been to "classify the defendant", for the pur-

pose of imposing his sentence for the principal offense and the evidence is not to be considered in determining his guilt or innocence of that offense. *Smith v. State* (1949), 227 Ind. 672, 87 N. E. 2d 881. The mental manipulation required by the present procedure would be difficult for one specialy trained in the rules of evidence, and we would be less than realistic to expect evidence of prior convictions not to influence the jurors' determination of guilt or innocence on the principal offense. See *Spencer v. Texas* (1967), 385 U. S. 554. However, this question was never properly presented to the trial court and, therefore, cannot be considered by this court on this appeal.

For the foregoing reasons, the judgment of the trial court must be affirmed.

Judgment affirmed.

DeBruler, C. J., and Givan, J., concur.

Arterburn and Jackson, JJ., concur in result.

NOTE.—Reported in 245 N. E. 2d 659.

## ON PETITION FOR REHEARING.

HUNTER, J.—On March 25, 1969, this court affirmed the appellant's conviction for Armed Robbery and being an Habitual Criminal. *Johnson v. State* (1969), 252 Ind. 70, 245 N. E. 2d 659. In this petition for rehearing, the appellant correctly points out that we did not discuss the contention raised in Point Four of his brief. We acknowledge the omission and propose now to discuss this issue.

Under Point Four, the appellant asserts that the judgment should be reversed because the form of the jury's verdict did not follow the exact language of the Habitual Criminal Count of the charging affidavit. In Count Two of this affidavit, appellant was charged with having previously committed two felonies: interstate transportation of a stolen

motor vehicle and second degree burglary. During the trial, certified records showing these two convictions as well as two other unrelated convictions were admitted into evidence without proper objection from the appellant's trial counsel. Thus, there was some evidence from which the jury could have found that the appellant had been previously convicted of four felonies, instead of two. The verdict of the jury reads as follows:

"We, the jury, find that the defendant, Aaron Virl Johnson, has been twice previously convicted, sentenced and imprisoned in penal institutions for felonies."

The appellant now contends that, unless the jury is required to specifically state which two convictions were being referred to in their verdict, it is possible that the appellant has been found guilty of something for which he was not charged. From this premise, the appellant argues that the failure of the jury to follow the exact language of the Habitual Criminal charge should constitute a reversible error. The appellant has found dictum in one case to the effect that the verdict of the jury should follow "the exact language of the habitual criminal portion of the indictment." C.f., *Kelley v. State* (1933), 204 Ind. 612, 185 N. E. 453.

We do not believe that this statement in *Kelley* should be interpreted to mean that the jury must expressly specify the two felonies for which they find the appellant to have been convicted. The law has always been that a jury in a criminal proceeding may return a general verdict of "guilty as charged", and there is no requirement that the verdict must recite the entire charge. *Siple v. State* (1900), 154 Ind. 647, 57 N. E. 544. There is no justification for a different rule in an habitual criminal proceeding. A proper and timely objection, by the appellant in the case at bar, could have kept the jury from learning of the two additional crimes, and he should not now be allowed to attack the lack of specificity of the jury's verdict on the grounds that the jury

might have considered this extra evidence. With the proper objection, the jury would only have had evidence of the two previous felonies which were charged in the affidavit, and the specificity, in the wording of the verdict required by the rule proposed by the appellant, in that instance, would only be a needless technicality.

"Unless the verdict is so defective and uncertain that no judgment can be rendered thereon, a motion for a *venire de novo* will not be sustained." *Grazer v. State* (1941), 219 Ind. 46, 36 N. E. 2d 279.

Rehearing denied.

DeBruler, C.J., Arterburn, Givan, and Jackson, JJ. concur.

NOTE.—Reported in 247 N. E. 2d 212.