HENRY MACK LEWIS *v.* STATE OF INDIANA.

[No. 172A31. Filed April 6, 1972.]

*Lorin H. Kiely, Philip L. Kiely*, of Evansville, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

LOWDERMILK, J.—This is an appeal by Henry Mack Lewis, defendant-appellant, who had been convicted by a jury in the Vanderburgh Circuit Court of the offense of possession of burglary tools by a convict.

The motion to correct errors was filed, overruled by the court and the defendant-appellant was then sentenced to not less than two years nor more than fourteen years in the Indiana State Prison and disfranchised for a period of two years.

He is now serving his sentence.

Defendant-appellant was charged by affidavit with having Possession of Burglary Tools by a Convict, in Vanderburgh County, Indiana, on the 19th day of May, 1971; said affidavit was filed in the Vanderburgh Circuit Court on May 24, 1971 and on which affidavit a bench warrant was ordered issued for the arrest of the defendant-appellant, who was arrested under the authority of said warrant and remained in the Vanderburgh County Jail until the date of his trial.

Lorin H. Kiely appeared as legal counsel for the defendant-appellant and thereafter, on June 7, 1971, filed his motion to quash and dismiss the State's affidavit, which motion was sustained by the court.

The State of Indiana filed its amended affidavit for possession of burglary tools by a convict, against the defendant-appellant, on June 8, 1971, which was followed, on June 11,

1971, by appellant's motion to quash and dismiss the State's amended affidavit.

On June 14, 1971, the trial court overruled appellant's motion to quash and dismiss the amended affidavit and on June 15, 1971, the appellant was brought into open court, waived arraignment, entered a plea of "Not Guilty" to the charge, and requested a trial by jury.

Thereafter, on August 16, 1971, the cause was tried to a jury. The State of Indiana introduced its evidence in chief and rested.

The appellant, Henry Mack Lewis, was the only witness for the defense and he took the witness stand and testified, after which the defense rested.

On the same day the cause was submitted to the jury, which retired to the jury room and later returned with a verdict into open court, finding the defendant guilty as charged in the amended affidavit, to-wit: "Possession of Burglary Tools by A Convict, and that he was thirty-seven (37) years of age."

Thereafter on August 31, 1971, the trial judge rendered judgment on the jury's verdict, and sentenced the defendant-appellant to not less than two years nor more than fourteen years in the Indiana State Prison, and disfranchised him for two years.

The defendant was further advised of his rights of appeal and informed the court he would like to file a motion to correct errors. Mr. Kiely was then appointed pauper attorney to perfect this appeal and accepted appointment, on September 1, 1971.

The argument section of appellant's brief is somewhat confusing and this court has determined that the appellant has properly preserved and presented two questions on which this court is to pass, one being that the motion to quash the amended affidavit should have been sustained, which is more particularly argued as being:

(a) The Amended Affidavit fails to allege that the Appellant intended to commit the specific crime of burglary to-wit: the degree of burglary.

(b) The Amended Affidavit fails to allege that the Appellant had previously been convicted, sentenced by the Court and imprisoned in some penal institute for felonies, describing the felony.

(c) The Amended Affidavit fails to state the judgment and details of previous conviction of the Appellant.

The other specifications, of which there are two, are grouped as one and are misconduct on the part of the Chief Deputy Prosecuting Attorney and that the trial judge abused his discretion in denying and overruling appellant's request to admonish and reprimand the Chief Deputy Prosecuting Attorney for his misconduct in asking the appellant the question on cross examination in the presence of the jury, "In fact, you are a professional burglar?"

Firstly, defendant-appellant contends he is entitled to know from the affidavit whether he intended to commit the offense of burglary in the first, second or third degree, and it must be definitely stated in the amended affidavit.

As to specification (a) we find that defendant-appellant's brief is without citation of authority of this proposition and he has, therefore, failed to save any question and failed to present his question on that point to this court. Rule AP. 8.3(A)(7)

However, in our studying of this case and writing our opinion, we must necessarily determine that there is no merit in this contention, as the defendant-appellant was not charged with burglary, but was charged with the offense of having been previously convicted of a felony and having in his possession burglary tools or implements, with the intent to commit the crime of burglary. The degree of burglary which he may have intended to commit is immaterial and of no consequence.

Defendant-appellant further contends that to authorize a

sentence of imprisonment under the offense of Possession of Burglary Tools By A Convict with intent to commit a burglary, the affidavit must allege that the appellant has been previously convicted, sentenced and imprisoned in a penal institution for felonies, describing each element of conviction in detail.

To sustain this argument appellant cites the case of *Shutt* v. *State* (1954), 233 Ind. 120, 117 N. E. 2d 268, 271, wherein he contends that in charging the previous conviction it *was necessary to allege in the affidavit the judgment or the alleged previous conviction, in detail.*

He further contends that this is necessary in order to properly advise the appellant of the offense charged and failure to allege a previous conviction with certainty renders the affidavit subject to a motion to quash the affidavit, and also says that the previous conviction and judgment must be alleged.

In *Shutt* v. *State, supra,* the defendant-appellant was charged with being an habitual criminal. Our Supreme Court reversed a conviction, holding that,

> " 'To authorize a life sentence, the previous convictions, sentences and imprisonments must be described specifically, and the jury must find that the defendant was convicted, sentenced and imprisoned in the instances described and not otherwise.' *Kelley* v. *State* (1933), 204 Ind. 612, 616, 185 N. E. 453, 455; *Barr* v. *State* (1933), 205 Ind. 481, 485, 187 N. E. 259; *Midland* v. *State* (1943), 220 Ind. 668, 670, 46 N. E. 2d 200."

Defendant-appellant further contends that the amended affidavit does not state the previous convictions with certainty and that the affidavit charging prior convictions, sentences and imprisonment which fails to designate place of imprisonment was uncertain.

As authority for this proposition he cites *Midland* v. *State* (1943), 220 Ind. 668, 46 N. E. 2d 200; *Metzger* v. *State* (1938), 214 Ind. 113, 13 N. E. 2d 519 and *Kelley* v. *State* (1933), 204 Ind. 612 at 616, 185 N. E. 453 at 455.

None of the above enumerated cases cited by the appellant are in point for the reason that they pass upon the question where the defendant is being charged as being an habitual criminal, which is punishable by life imprisonment.

The statute under which this amended affidavit was drawn and under which the defendant-appellant was tried, is Ind. Ann. Stat. § 10-703 (Burns 1956 Replacement), which reads as follows:

> "Burglary—Possession of tools by convict.—If any person previously convicted of a felony be found having in his possession any burglar tools or implements with intent to commit the crime of burglary, such person shall be deemed guilty of a felony, and on conviction thereof shall be imprisoned not less than two [2] years nor more than fourteen [14] years, and the possession of such tools or implements shall be prima facie evidence of the intent to commit burglary."

Appellant further cited the case of *Goldstine* v. *State* (1952), 230 Ind. 343, 103 N. E. 2d 438, as authority for the above proposition.

In *Goldstine,* the defendant-appellant was charged in two counts, charging him by affidavit with possession of burglary tools under Burns § 10-703. Defendant therein argued that a motion to quash should have been sustained and contended that it was necessary to separately describe such tools and further contending that:

> ". . . in charging the prior conviction, it was necessary for appellee to allege the name of the court where the prior conviction was obtained, the charge on which the accused was tried, and the date and effect of the judgment of conviction. Count two of the affidavit, omitting the formal parts, is as follows:
>
> > " 'David J. Milbourn first being duly sworn upon his oath says that on or about the 5th day of September, 1950 in the County of Noble, State of Indiana, Sam Goldstein, who had previously been convicted of a felony, to-wit: robbery, did then and there unlawfully and feloniously have in his possession burglary tools and

implements with the intent to commit the crime of burglary, contrary to the form of the statute in such cases made and against the peace and dignity of the state of Indiana.'

"The motion to quash was based on the two statutory grounds—that the facts in count two did not constitute a public offense and did not state the offense charged with sufficient certainty. The general rule is that an offense stated in the substantial language of the statute is sufficient as against a motion to quash. However, § 10-703, Burns' 1942 Replacement, *supra,* is an exception to the rule. . . ."

The court, in passing on the motion to quash the affidavit in two counts, said:

". . . The second count of the affidavit is further not sufficiently certain in that it failed to allege the time, place, and judgment of the alleged previous conviction of the felony of robbery. *It is necessary, in order to properly advise appellant of the offense charged, to allege the previous felony of which he was convicted, with the time, place, and judgment.* Failure to allege the previous conviction with sufficient certainty renders the charge subject to the motion to quash the second count of the affidavit." (Our emphasis.)

In the case at bar the amended affidavit is in the words and figures as follows:

"HERMAN C. HAYES being duly sworn upon his oath says that HENRY MACK LEWIS on or about the 19th day of May A.D., 1971, at said County and State as affiant verily believes that on May 19, 1971, HENRY MACK LEWIS, who was then and there a person who had previously been convicted of a felony, to-wit: Entering a Dwelling House to Commit a Felony on April 15, 1968, in the Vanderburgh Circuit Court, State of Indiana, did then and there unlawfully and feloniously have in his possession burglary tools and implements, to-wit: one (1) Glovemaster ball peen hammer and one (1) tire tool wrench—prying bar, with the intent to commit the crime of burglary. Then and there being contrary to the form of the Statute, in such cases made and provided, and against the peace and dignity of the State of Indiana.

"S/ Herman C. Hayes "

It may readily be seen that, although the affidavit cannot be said to be a model for future use, that it does include all the necessary allegations required to apprise the defendant of the charge or charges against him, in compliance with the requirements set forth in *Goldstine* v. *State, supra.* The amended affidavit did specifically show on its face that Henry Mack Lewis had previously been convicted of a felony, to-wit: Entering a dwelling house to commit a felony, and was convicted, showing the place of conviction to be the Vanderburgh Circuit Court, the time of the conviction being April 15, 1968, and the judgment, which was the conviction.

In our opinion, the amended affidavit in the case at bar was adequate under the holding in *Goldstine* v. *State, supra,* to fully and completely advise the defendant-appellant of the charges against him to enable him to adequately prepare his defense of the crime charged.

The second grouped alleged errors first discusses the misconduct of the Chief Deputy Prosecuting Attorney. The defendant took the witness stand in his own defense, of his own volition, and therefore became like any other witness and his testimony could be attacked for the purpose of impeachment. Now, defendant-appellant contends that the questions asked him were so prejudicial and inflammatory that he could not have a fair trial.

The defendant-appellant cites and relies on the cases of *Wasy* v. *State* (1957), 236 Ind. 215, 219, 220; 138 N. E. 2d 1, 3; 139 N. E. 2d 438; *Adler* v. *State* (1961), 242 Ind. 9, 175 N. E. 2d 358, *Kelley* v. *State* (1936), 210 Ind. 380, 3 N. E. 2d 65; *Rowe* v. *State* (1968), 250 Ind. 547, 237 N. E. 2d 576, and *White* v. *State* (1971), 257 Ind. 64, 272 N. E. 2d at 312, which cases are not in point and are not helpful to the defendant-appellant for the reason that in each of said cases cited by appellant, *supra,* the court, after proper objection by the defendant refused to admonish the jury to disregard the statement of counsel, or there were so many

statements made by counsel or questions asked by counsel that were improper that admonition to disregard all of them would not have corrected the errors and because of the number they would have been prejudicial to the defendant. As example, in the case of *Kelley* v. *State, supra,* our Supreme Court said:

". . . No one of the acts complained of was serious enough to justify our holding that the trial court abused its discretion in refusing to withdraw submission of the cause. . . ."

In the case of *Adams* v. *State* (1912), 179 Ind. 44, 99 N. E. 483, counsel for the State in the argument to the jury made a statement to which an objection was made and the defendant moved the court to set aside the submission of the cause and discharge the jury on account of the alleged misconduct and language, and the same was overruled. Later, the second counsel for the State made a statement to the jury which was objected to by the appellant, but the appellant made no motion to withdraw the submission and discharge the jury on account of the alleged misconduct of counsel, or asking the court to instruct the jury to disregard the alleged improper statements of said counsel.

Our Supreme Court said that unless such action was taken at the time of the alleged misconduct of said counsel for the State he could not take advantage of it on appeal. The record must show that any such action was taken in the court below, or no question concerning the alleged misconduct of counsel for the State is presented on review in the cause.

In the case of *Sylvester* v. *State* (1933), 205 Ind. 628, 630, 187 N. E. 669, the court said:

". . . The persistency of the state's attorney in applying improper and irrelevant questions to witnesses might well support the conclusion that he proceeded with the trial upon the theory that the end justified the means. Such a

position on the part of an attorney in the trial of a case cannot be approved. *The apparent exhibition of such purpose should be immediately and positively controlled by the trial court. Martin* v. *Lilly* (1918), 188 Ind. 139, 146, 121 N. E. 443." (Our emphasis.)

In the case at bar the objection by defendant-appellant to the question asked was sustained by the court, who admonished the jury to disregard the question.

This was solely within the sound discretion of the trial court and in our opinion the ruling was proper. The court had had the benefit of hearing defendant-appellant's direct examination and the cross examination of the defendant-appellant and he was in a much better position to determine whether the question was prejudicial to the defendant than this court is at this time. The ruling on a charge of misconduct and motion to dismiss the jury is solely within the province and sound judgment of the trial court. The law on this proposition is so well settled in Indiana that it needs no citation of authority.

In the case of *Welty* v. *State* (1912), 180 Ind. 411, 100 N. E. 73, the prosecuting attorney in his opening statement, told the jury that the defendant-appellant had taken a change of venue to Clinton County. Defendant-appellant's counsel objected and requested the court to instruct the jury to disregard the statement as improper and the court did so fully and with the consent of the appellant the jury was allowed to separate until the next morning. Upon the convening of the court appellant then moved the court to set aside the submission, and discharge the jury on account of the statement of the prosecuting attorney, which motion the court overruled and again charged the jury at length that it should disregard the statement as a matter which the jury had no right to consider. The court held there was no reversible error in this action.

The defendant-appellant further insists that the court's refusal to admonish and reprimand the Chief Deputy Prosecut-

554

ing Attorney was error in that it was the duty of the trial court to see that the Chief Deputy Prosecuting Attorney refrained from asking prejudicial questions and making prejudicial remarks. In our opinion, had the court reprimanded the Chief Deputy Prosecuting Attorney as to the question, he would have emphasized the remark rather than cured any error, if such were error. Furthermore, the record discloses the Chief Deputy Prosecuting Attorney did further refrain throughout the trial from asking any questions to which the defendant-appellant objected as prejudicial and/or asked that they be stricken and the jury admonished to disregard them.

It is our opinion that the defendant-appellant has failed to make and save any record showing reversible error on the part of the trial court and that defendant-appellant received a fair and impartial trial.

Therefore, the judgment is hereby affirmed.

Robertson, P.J., Lybrook, J., concur.

NOTE.—Reported in 280 N. E. 2d 828.