MARVIN LEO LAWRENCE *v.* STATE OF INDIANA.

[No. 30737. Filed September 11, 1972.]

*Joseph B. Barker, Kagan and Barker,* of Martinsville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was found guilty of Safe Burglary under Acts 1905, ch. 169, § 374a, as amended by Acts 1955, ch. 156, § 1, 1956 Repl. Burns Ind. Stat. Ann. § 10-702, IC 1971, 35-1-61-1, and with being an Habitual Criminal under Acts 1907, ch. 82, § 1, 1956 Repl. Burns Ind. Stat. Ann. § 9-2207, IC 1971, 35-8-8-1. He was sentenced to the Indiana State Prison for not less than five (5) years nor more than ten (10) years on the safe burglary count and to the Indiana State Prison for life on the habitual criminal count, said sentences to be served concurrently. The assignment of errors in essence presents two alleged errors here considered.

(1) Denial of a speedy trial as required by the statute then controlling. At the time of the defendant's arrest the following relevant portion of Burns Ind. Stat. Ann. § 9-1402, 1956 Repl., Acts 1927, ch. 132, § 12, since replaced by Indiana Rules of Criminal Procedure CR 4, was in effect:

"* * * And no defendant shall be detained in jail, without a trial, on an indictment or affidavit, for a continuous period embracing more than two [2] terms after his arrest and commitment thereon; or if he was in jail at the time the indictment was found or affidavit filed, more than two [2] terms after the term at which the indictment was found or the affidavit first filed; except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such terms: Provided, however, That the prosecuting attorney shall make such statement for continuance at least five [5] days before the date set for trial, or shall sustain the burden of establishing to the satisfaction of the court that he is not at fault for failing to file such affidavit at an earlier date."

Appellant was in jail on another charge at the time charges were filed in the principal case. He contends that he was arrested on June 17, 1962 and that he was not brought to trial before the expiration of two terms after the term in which the affidavit was filed. Appellant's argument is grounded on the assumption that he was arrested on

June 17, 1962, but the record does not support this contention. The record indicates and the defendant testified that charges were filed by affidavit on August 7, 1962. On December 16, 1963, during the second term after the term in which the charges were filed, the appellant made a motion for a change of venue, which he admits is a delay chargeable to him. He was brought to trial March 31, 1964. It follows that appellant was not denied a speedy trial under the provisions of the aforementioned statute.

(2) Errors in permitting certain voir dire statements, the introduction of certain evidence, and the giving of certain instructions including the reading of the charging affidavit, all over defendant's timely and proper objections and all of which disclosed to the jury the prior felony convictions of the defendant.

The affidavit was drawn in two counts, the first of which charged the burglary and the second of which charged the burglary and the requisites of the status of habitual criminal. On voir dire the prosecutor was permitted to read the habitual criminal statute to the jury. In the preliminary instructions given to the jury, both counts of the affidavit were included and the habitual criminal statute was re-read. The State produced its evidence of the defendant's guilt upon the primary charge of safe burglary and followed the evidence of the prior convictions, sentences and imprisonments. The defendant's motion for a directed verdict was overruled and he presented no evidence in rebuttal. By way of final instructions, the court re-read the habitual criminal statute and gave verdict forms calling for deliberations and verdicts upon both counts. Proper and timely objections were interposed to all of the foregoing. Thus the defendant has squarely challenged the procedure heretofore employed in habitual criminal cases as being fundamentally prejudicial, hence a denial of due process.

The admission or rejection of evidence is not a matter of judicial grace. It is a legal right. *Thomas* v. *State* (1958),

237 Ind. 537, 147 N. E. 2d 577. To be admissible, evidence must logically tend to prove a material fact. *Stallings* v. *State* (1968), 250 Ind. 256, 235 N. E. 2d 488. Accordingly, evidence of prior crimes is generally inadmissible in a criminal case, because it has no tendency to establish the guilt or innocence of the accused but, if effective at all, could serve only to prejudice or mislead or excite the minds and inflame the passions of the jury. *Rowe* v. *State* (1968), 250 Ind. 547, 237 N. E. 2d 576. Evidence of prior crimes is admissible, however, if it is relevant to some issue in the case, such as intent, motive, knowledge, plan, identity, or credibility. In trials for sex offenses, evidence of prior convictions for similar offenses has also been admitted as tending to show a depraved sexual instinct. *Schnee* v. *State* (1970), 254 Ind. 661, 262 N. E. 2d 186; *Burns* v. *State* (1970), 255 Ind. 1, 260 N. E. 2d 559; *Meeks* v. *State* (1950), 249 Ind. 659, 234 N. E. 2d 629; *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570; *Ashton* v. *Anderson* (1972), 258 Ind. 51, 279 N. E. 2d 210; *Gilman* v. *State* (1972), 258 Ind. 556, 282 N. E. 2d 816; 2 Wigmore on Evidence, § 305. The admissibility of prior convictions in such cases is justified only by their relevance to the issues. The undesirable tendency to prejudice remains, but the overriding interests of the State in arriving at the truth prevails.

In the principal case no showing was made that evidence of the defendant's prior crimes was in any manner relevant to the safe burglary charge. Its sole relevance lay in its support of the habitual criminal charge. In *Metzger* v. *State* (1938), 214 Ind. 113, 13 N. E. 2d 519, this Court held such a procedure to be proper so long as the jury considers the prior crimes for the single purpose of classifying the defendant as an habitual criminal. The court recognized the prejudicial effect that would follow from a failure to instruct the jury that such prior crimes may not be considered in determining the guilt or innocence of the defendant on the principal charge.

"* * * A statute of this nature should be strictly construed. Its provisions should not be extended by construction, and, where, as in the case now under consideration, proof of former convictions had been made, that proof must be considered separate and apart from the proof upon the offense charged. * * *." 214 Ind. at 113.

Inherent in this approach to the validity of the procedure is the belief that the jury can consider the prior convictions for the purpose of determining the status of habitual criminal, and at the same time make an independent determination of guilt on the crime charged solely on their evaluation of the evidence presented to support that charge. See also *Smith* v. *State* (1949), 227 Ind. 672, 87 N. E. 2d 881. It is highly improbable that twelve jurors can be found with sufficient mental discipline to compartmentalize the evidence. The more realistic view was advanced by this Court in the case of *Johnson* v. *State* (1969), 252 Ind. 70, 245 N. E. 2d 659, 662, wherein it was stated:

"The mental manipulation required by the present procedure would be difficult for one specially trained in the rules of evidence, and we would be less than realistic to expect evidence of prior convictions not to influence the juror's determination of guilt or innocence on the principal offense."

The appellant's failure to properly present the issue to the *Johnson* court, however, precluded a determination regarding the procedure. But the court gave no tacit approval to the *Metzger* case and added:

"This would not be construed to mean that this court necessarily approves the procedures presently used under the habitual criminal statutes. Had the issue been properly presented, this court might well have questioned the fairness of a procedure which allows the jury to learn of a defendant's past convictions while deciding his guilt or innocence on the principal charge. * * * However, this question was never properly presented to the trial court and, therefore, cannot be considered by this court on this appeal." 245 N. E. 2d at 662.

It is difficult to see how the appellant could have received a fair trial on the safe burglary charge once the jury became aware of his prior convictions. The unfairness inherent in this procedure becomes even more obvious when it is seen that a conviction on the principal charge, which may be influenced by evidence of prior convictions, is necessary to obtain a conviction on the habitual criminal charge. Therefore, in a close case, a conviction on the principal charge might actually be obtained by the introduction of the evidence of prior convictions, which in turn would become the third felony needed to convict on the habitual criminal charge. In such an instance a conviction on either charge would be dependent on the other. The conviction on the principal charge would be dependent upon the evidence of prior convictions which could only be introduced to support the habitual criminal charge. On the other hand the habitual criminal charge would fail, absent a finding of guilty on the principal charge. Such a circuitous effect is patently unfair and circumvents the appellant's right to a fair trial.

> "It is the duty of the court to uphold the acts of the legislature if it can possibly be done, without doing violence to the constitution, and in doing so, every reasonable presumption must be indulged in favor of the legality of the act." *Morgan* v. *State* (1912), 179 Ind. 300, 303, 101 N. E. 6. *Book* v. *State Office Bldg. Comm.* (1958), 238 Ind. 120, 149 N. E. 2d 273; *State ex rel. Mavity* v. *Tyndall* (1947), 225 Ind. 360, 74 N. E. 2d 914.

The statute seems to imply that there should be a joinder of the proceedings in that it provides for one affidavit or indictment and findings upon the issues of the primary crime and the prior convictions. If we were to determine that the statute mandates such procedure, however, we would be compelled to hold it unconstitutional, because of its inescapable tendency to prejudice and the absence of any overriding interest of the state. The convenience of such procedure can hardly warrant the injustice to the

accused. In light of this and to assure constitutional validity to the statute we do not regard the provisions for one affidavit and one jury to mandate a full joinder as was done here and as has heretofore been the practice in this state. It is our opinion that the single affidavit and jury requirements were imposed to assure the accuseds their constitutional right to be advised of the charges against them and to have a speedy trial. This problem has been met in numerous other jurisdictions either by statutory proceedings or by judicially prescribed procedures.[1]

In *State* v. *Ferrone* (1921), 96 Conn. 160, 113 A. 452, the court dealt with the same problem which now confronts this Court. The appellant there had been charged in the information with the principal offense. Included also was information regarding two previous crimes which the appellant had committed. The court clarified the need for this procedure:

"But in State v. Reilly, 94 Conn. 698, we further said, on page 705 (110 Atl. 550, on page 553), that in such an information 'two separate issues are presented: First, was the defendant guilty of the crime charged? This relates to the crime only. Second, if guilty, had the defendant twice

---

1. Alaska, Alaska Stat. § 12.55.060 (1962); Arkansas, Miller v State, 239 Ark 896, 394 SW 2d 601 (1965); Colorado, Heinze v People, 127 Colo 54, 253 P2d 596 (1953); Connecticut, State v Ferrone, 96 Conn 160, 113 A 452 (1921); Delaware, Del Code Ann Tit 11, § 3912(b) (Supp 1964); Florida, Fla Stat Ann § 775.11 (1965), Shargaa v State, 102 So 2d 814 (1958); Idaho, State v Johnson, 86 Idaho 51, 383 P2d 326 (1963); Illinois, 111 Rev Stat c. 38, §§ 603.1-603.9 (1963), 111 Rev Stat c. 38, § 22-43 (1965); Kansas, Kan Gen Stat Ann § 21-107a (1949); Louisiana, La Rev Stat Ann § 15:529.1 D (Supp 1962); Maryland, Md Rule of Proc 713; Michigan, Mich Stat Ann § 28.1085 (1954); Minnesota, Minn Stat Ann § 609.16; Missouri, Mo Ann Stat § 556.280 (1953); Nebraska, Neb Rev Stat § 29-2221 (1964); New York, NY Pen Law § 1943; New Mexico, Johnson v Cox, 72 NM 55, 380 P2d 199 (1963); North Dakota, ND Cent Code § 12-06-23 (1960); Ohio, Ohio Rev Code Ann § 2961.13 (1954); Oklahoma, Okla Stat Ann Tit 22, § 860 (Supp 1964); Harris v State, 369 P2d 187 (1962); Oregon, Ore Rev Stat § 168.065 (1961); Pennsylvania, Pa Stat Ann Tit 18, § 5108 (1963); South Dakota, SD Code § 13.0611 (3) (1939); Tennessee, Tenn Code Ann § 40-2801 (1955); Harrison v State, 217 Tenn 31, 394 SW 2d 713 (1965); Texas, Texas Code Crim Proc Art 36.01 (1966); Utah, Utah Code Ann § 76-1-19 (1953); State v Stewart, 110 Utah 203, 171 P2d 383 (1946); Virginia, Va Code Ann § 53-296 (1958); Washington, State v Kirkpatrick, 181 Wash 313, 43 P2d 44 (1935); West Virginia, W Va Code Ann § 6131 (1961).

before been convicted, sentenced, and imprisoned? This relates to the penalty only, and does not involve or state any other or different crime from that first stated. The jury must by their verdict answer each of these issues.'" 113 A. at 456-57.

The court proceeded to explain the need for a procedure that would prevent the jury from becoming unduly influenced by the introduction of evidence of prior crimes, as follows:

"It cannot be believed that an accused man would ever have a fair trial, resulting in a verdict not affected by prejudice or by considerations by which the jury should not be influenced, if during that trial allegations that he has twice before been convicted of state prison crimes have been read to the jury, and evidence of his former convictions has been placed before them. It is beyond question that knowledge of such facts must necessarily prejudice the minds of his triers against the accused, and cause him more serious injury than that which he would suffer from any improper remarks of the state's attorney." 113 A. at 457.

The court then adopted a procedure to accomplish that end:

"[10] In the absence of statutory regulation in this state, it is our opinion that a procedure similar to that prescribed by an English statute should be followed. 24 & 25 Vict. c. 99, s. 37; Reg. v. Martin, 1 L. R. C. C. 214. The information should be divided into two parts. In the first the particular offense with which the accused is charged should be set forth, and this should be upon the first page of the information and signed by the prosecuting officer. In the second part former convictions should be alleged, and this should be upon the second page of the information, separable from the first page and signed by the prosecuting officer. The entire information should be read to the accused and his plea taken in the absence of the jurors. When the jury has been impaneled and sworn, the clerk should read to them only that part of the information which sets forth the crime for which the accused is to be tried. The trial should then proceed in every aspect as if there were no allegations of former convictions, of which no mention should be made in the evidence, or in the remarks of counsel, or in the charge of the court. When the jury retire to consider their verdict, only the first page

of the information, on which the crime charged is set out, should be given to them. If they return a verdict of guilty, the second part of the information, in which former convictions are alleged, should be read to them without reswearing them, and they should be charged to inquire on that issue. Of course, the accused may plead guilty to this part of the information, and then no further proceedings before or by the jury would be necessary. No reason appears why the accused, if he should choose, might not submit this issue to the court without the jury." 113 A. at 457-58.

We hereby adopt the procedure prescribed in the *Ferrone* case, because in so doing we appear to be carrying out the intent of the legislature to impose greater penalties upon recidivists who have failed to respond to prior convictions, without subjecting those only thus far accused of being members of such class to unnecessary prejudice, and by varying from the heretofore accepted procedure, we inflict but minimal inconvenience upon the courts.

The procedure employed in the trial of the defendant was a denial of due process. The defendant should have a new trial conducted in accordance with the provisions of this opinion, and the judgment of the trial court is accordingly reversed.

Arterburn, C.J., and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 286 N. E. 2d 830.