JAMES FRANKLIN ENLOW *v.* STATE OF INDIANA.

[No. 173S12. Filed November 21, 1973.]

*Robert Howard Brown*, of Terre Haute, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

DeBRULER, J.—In June of 1954, appellant and a companion were convicted of automobile banditry (IC 1971, 35-12-2-1, being Burns § 10-4710) and being an habitual criminal (IC 1971, 35-8-8-1, being Burns § 9-2207) after a trial by jury in the Vigo Circuit Court. No appeal from that judgment was taken until October 13, 1972, when the Honorable C. Joseph Anderson granted appellant's Petition to File a Belated Motion to Correct Errors. Appellant's Motion to Correct Errors was subsequently denied and appellant has perfected this appeal from that denial.

At the trial of this case in 1954, the State, in order to sustain its burden of proof on the habitual criminal charge[1] introduced, over appellant's objection, proof that he had previously been convicted in the Marion County Criminal Court of robbery and grand larceny, and had also been con-

---

1. Indiana Code 1971, 35-8-8-1, being Burns § 9-2207, reads as follows:

"Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, and whether committed in this State or elsewhere within the limits of the United States of America, shall be convicted in any circuit or criminal court in this State for a felony hereafter committed, shall be deemed and taken to be an habitual criminal, and he or she shall be sentenced to imprisonment in the state prison for and during his or her life."

victed in a Federal District Court of attempting to enter a bank with the intent to commit a felony therein. In addition the State elicited the testimony of several police officers and an alleged accomplice of appellant to establish that on the night of December 8, 1953, the appellant had participated in a burglary of a drugstore and had attempted to effectuate his escape by the use of a truck. A city police officer testified that the truck was listed at the State Bureau of Motor Vehicles as belonging to appellant. This officer's testimony was also admitted over appellant's objections that it was not competent under the best evidence rule.

The jury returned a verdict of guilty to the charge of automobile banditry and further found appellant to be an habitual criminal based on the present conviction and the two previous convictions. Appellant was sentenced to life imprisonment. He raises two contentions on appeal: (1) That the case of *Lawrence* v. *State* (1972), 259 Ind. 306, 286 N. E. 2d 830, which mandated bifurcated proceedings for habitual criminal charges, should control here; (2) that the trial court erred in admitting the police officer's testimony concerning the Bureau of Motor Vehicles records on appellant's truck.

Our opinion in *Lawrence* held that the type of procedure used in appellant's trial here, whereby the State introduces prior felony convictions in its case-in-chief in order to establish the elements of the habitual criminal statute at the same proceeding in which the jury must pass on the merits of the present felony charge, was unduly prejudicial to a defendant's case and a violation of the due process clause. The initial question which this appeal raises therefore is whether our holding in that case should be applied retrospectively. The issue of retrospective application of newly announced constitutional rules affecting criminal trials has been determined to rest on three considerations:

"The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards; (b) the extent of the reliance by law enforcement

authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards." *Stovall* v. *Denno* (1966), 388 U.S. 293, 297, 87 S. Ct. 1967, 18 L. Ed. 2d 1199.

It is clear that the most important and compelling of these three factors is the purpose to be served by the newly announced rule. *Desist* v. *U.S.* (1968), 394 U.S. 244, 89 S. Ct. 1030, 22 L. Ed. 2d 248; *Witherspoon* v. *Illinois* (1967), 391 U.S. 510, 88 S. Ct. 1770, 20 L. Ed. 2d 776. If that purpose is to correct serious flaws in the fact finding process at trial then the rule is applied retrospectively. *Roberts* v. *Russell* (1967), 392 U.S. 293, 88 S. Ct. 1921, 20 L. Ed. 2d 1100.

"We have given complete retroactive effect to the new rule, regardless of good faith reliance by law enforcement authorities or the degree of impact on the administration of justice where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth finding function and so raises serious questions about the accuracy of guilty verdicts in past trials." *Adams* v. *Illinois* (1972), 405 U.S. 278, 280, 92 S. Ct. 916, 31 L. Ed. 2d 202.

When the new principle being applied goes to the fairness of the trial itself and is designed to eliminate a previously existing danger of convicting the innocent, rather than merely constructing a more effective remedy by which to enforce other constitutional rights not necessarily connected with the fact finding function, then the principle is deemed to be retrospective. *Linkletter* v. *Walker* (1965), 381 U.S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601; *Jackson* v. *Denno* (1963), 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908; *Gideon* v. *Wainwright* (1962), 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799; *Griffin* v. *Illinois* (1956), 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891; *Monserrate* v. *State* (1971), 256 Ind. 623, 271 N. E. 2d 421.

With these principles in mind an examination of our holding in *Lawrence* indicates that it militates a retrospective appli-

cation. In a unanimous opinion by Justice Prentice we stated that:

> "It is difficult to see how the appellant could have received a fair trial on the safe burglary charge once the jury became aware of his prior convictions. The unfairness inherent in this procedure becomes even more obvious when it is seen that a conviction on the principle charge, which may be influenced by evidence of prior convictions, is necessary to obtain a conviction on the habitual criminal charge. Therefore in a close case a conviction on the principle charge might actually be obtained by the introduction of the evidence of prior convictions, which in turn would become the third felony needed to convict on the habitual criminal charge. In such an instance a conviction on either charge would be dependent on the other. The conviction on the principle charge would be dependent on the evidence of prior convictions which could only be introduced to support the habitual criminal charge. On the other hand the habitual criminal charge would fail absent a finding of guilty on the principle charge. Such a circuitous effect is patently unfair and circumvents the appellant's right to a fair trial." 286 N. E. 2d at 833-834.

Our opinion clearly indicates that we found the method used prior to *Lawrence* constitutionally inadequate to assure that the defendant in a case such as this would be afforded a fair determination of his guilt or innocence on the principle charge. Obviously the purpose of our holding in *Lawrence* was to correct a serious deficiency in the fact finding function at trial, and to create a more reliable procedure.

Moreover, in consideration of the impact of this decision on the administration of justice we should point out that we are not here concerned with the absolute retrospective application of the *Lawrence* decision. Because the appellant in this case is before us on a direct appeal from his conviction, the question raised in this case can be fully and completely answered by holding simply that *Lawrence* is applicable to those cases decided on direct appeal after September 11, 1972, the date *Lawrence* was handed down.

Since our decision today may result in a new trial for appellant, if the State chooses to retry him, we feel con-

strained to also resolve the second issue raised in this appeal because of the possibility of its re-occurrence at a second trial. At the trial below Officer Leo Katz of the Terre Haute City Police Department testified, over appellant's objections on grounds of the best evidence rule, that a truck near the scene of the drugstore break-in had a certain license number and that the number was listed with the Bureau of Motor Vehicles records as being one for a truck owned by the appellant.

The best evidence, or original document, rule requires that when the terms of a document are to be proved the original document itself must normally be produced and placed in evidence since it represents the best evidence of its terms. There are, however, several well recognized exceptions to this rule, one of which is for public records such as the records of the Bureau of Motor Vehicles with which we are concerned here. The public records exception to the original document rule recognizes that serious inconvenience and disruption would result if the original public records themselves had to be repeatedly produced at trials in order to prove their terms, and therefore allows the contents of those records to be established in the absence of the original records themselves. McCormick, EVIDENCE, § 240 (2d ed., 1972).

This exception cannot be viewed, however, as a blanket dispensation opening the door to the introduction of every kind of secondary evidence. It has been recognized that the nature of this type of evidence necessitates a certain amount of safeguard for its authenticity. Our TR. 44(a)(1) allows proof of such evidence as was offered in the trial here by means of a "copy attested by the officer having the legal custody of the record, or by his deputy". See also IC 1971, 34-1-17-7, being Burns § 2-1617: Trial Rule 44(c) further allows proof by any other means authorized by law, which may include an "examined copy" authenticated by a witness who has personally compared it with the original. See McCormick, *supra.*

It is apparent, however, that none of these methods was employed at the trial below. The testimony of Officer Katz did not include either the original record of the Bureau of Motor Vehicles, nor a certified copy, nor an examined copy pursuant to our TR. 44. Rather it was purely an oral statement as to the information listed in certain public records and as such was error to admit.

We need not decide however, whether or not the error in admitting the public records testimony was harmless since as we have already held the appellant is entitled to a reversal of his conviction and, should the State so choose, a new trial pursuant to the procedure established in *Lawrence*.

Givan, Hunter and Prentice, JJ., concur; Arterburn, C.J., dissents without opinion.

NOTE.—Reported in 303 N. E. 2d 658.