GLEN WILLIAM PROPHET *v*. STATE OF INDIANA.

[No. 174S18. Filed August 26, 1974. Rehearing denied October 22, 1974.]

*Leon R. Kaminski, Edward L. Volk, Newby, Lewis, Kaminski & Jones,* of LaPorte, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a denial of a petition for post-conviction relief. The questions raised by appellant's motion to correct errors are stated in his brief as follows:

"1. Whether the petitioner is entitled to post-conviction relief when constitutional error, which occurred during his habitual criminal prosecution, was not properly preserved for direct appeal.

"2. Whether petitioner was denied due process because of prejudicial publicity which appeared during his trial in this cause.

"3. Whether the decision of the trial court is contrary to law."

We affirm the trial court.

The record shows the following facts:

Petitioner was charged in the Tippecanoe Circuit Court in 1958 under a two count indictment. Count one charged the infliction of physical injury in the commission of a robbery, and Count two charged petitioner with robbery and being an habitual criminal. The appellant was convicted on both counts.

At the trial evidence was submitted to a jury as to prior convictions of the appellant prior to the time the jury made its decision on the charges before it. There was no objection on behalf of the petitioner to this type of procedure. During the course of appellant's trial an article appeared in a local newspaper concerning the proceedings. Appellant's counsel called this article to the attention of the trial court, and it was later presented to the Indiana Supreme Court on appellant's appeal from the 1958 conviction. See *Prophet* v. *State* (1960), 241 Ind. 57, 168 N.E.2d 189.

.. Appellant now claims that he had a constitutional right to a bifurcated trial as to the question of his status as an habitual criminal. Appellant is quite correct in his observa-

tions that this Court in the case of *Lawrence* v. *State* (1972), 259 Ind. 306, 286 N.E.2d 830, 32 Ind. Dec. 480, held that due process required bifurcated proceedings in cases in which the State was charging a defendant with being an habitual criminal. In the *Lawrence* case we specifically set out the procedure to be followed henceforth in such a situation. Following *Lawrence,* in the case of *Enlow* v. *State* (1973), 261 Ind. 348, 303 N.E.2d 658, 39 Ind. Dec. 597, we were required to consider the retroactive application of the *Lawrence* decision. The Court, speaking through J. DeBruler, stated:

> "Moreover, in consideration of the impact of this decision on the administration of justice we should point out that we are not here concerned with the absolute retrospective application of the *Lawrence* decision. Because the appellant in this case is before us on a direct appeal from his conviction, the question raised in this case can be fully and completely answered by holding simply that *Lawrence* is applicable to those cases decided on direct appeal after September 11, 1972, the date *Lawrence* was handed down." *Enlow* v. *State* (1973), 261 Ind. 348 at 352, 303 N.E.2d 658, at 660, 39 Ind. Dec. 597 at 600.

As implied by J. DeBruler, we did not specifically deal with the question as to whether or not the decision in *Lawrence* would be applicable in all prior convictions which might be challenged by petitions for post-conviction relief.

We can conceive of a situation which might be so fraught with lack of due process as to require the granting of a post-conviction relief if the petitioner has demonstrated that his conviction had been purely upon circumstantial evidence and that the presentation of past convictions to the jury would have strong probability of influencing their ultimate decision as to his guilt or innocence in the instant crime. However, in the case at bar we see no such situation. The robbery and infliction of injury in the commission of a robbery with which the appellant was charged grew out of a factual situation wherein he, along with accomplices, had been taken into custody for a prior robbery. While being transported by law enforcement officers between Lafayette, Indiana and Delphi,

Indiana, he overpowered his guards, wounded one police officer with the officer's own service revolver, and with an accomplice escaped using the police car as their escape vehicle.

At his trial the police officers involved testified as eye witnesses to the robbery and the inflicting of the injury. One could hardly say that this was circumstantial evidence of guilt, the balance of which might be affected by information to the jury that the appellant had committed prior crimes. Although we have held in *Lawrence* and *Enlow* that henceforth all persons charged with being an habitual criminal were entitled to a bifurcated trial, we hold today that we will not apply the requirement of such a procedure retroactively to all persons who have been tried, convicted, and found to be habitual criminals in prior nonbifurcated trials.

We hold that the appellant in this case does not make a sufficient case of denial of due process to justify such an application.

The other questions raised by the appellant were raised at his prior trial and his subsequent appeal decided by this Court in *Prophet* v. *State, supra.* Our post-conviction remedy Rule, PC. 1 (b), specifically states that this rule is not a substitute for a direct appeal. The appellant had his appeal and the questions which he now seeks to again discuss were fully adjudicated.

The trial court is, therefore, affirmed.

Arterburn, C.J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 315 N.E.2d 699.