NOTE.—Reported at 318 N.E.2d 355.

HAROLD PANEITZ *v*. STATE OF INDIANA.

[No. 174S8. Filed November 4, 1974.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *Darrell F. Ellis*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Alan L. Crapo, Jr.*, Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from the denial of a petition for post-conviction relief. Appellant, petitioner below, presents two (2) issues in his brief for our consideration:

"(1) Whether the court erred in summarily disposing of the Defendant's Petition for Post-Conviction Relief without a hearing.
"(2) Whether the court erred in not granting the Defendant's Motion for Summary Disposition."

Appellant was charged by affidavit in the Tippecanoe Circuit Court in 1963, with vehicle taking and being an habitual criminal. Appellant was tried by jury and found guilty upon both counts. He was sentenced to not less than one (1) nor more than ten (10) years for vehicle taking. He was sentenced

to life imprisonment as an habitual criminal. Appellant's conviction was affirmed on appeal. See *Paneitz* v. *State* (1965), 246 Ind. 418, 204 N.E.2d 350.

Appellant filed his petition for post-conviction relief without the assistance of counsel. One of the grounds advanced by appellant in his *pro se* petition was inadequacy of his trial counsel. After the filing of his petition, counsel was appointed to assist appellant in presenting his claims. Counsel apparently found appellant's contention on the inadequacy of trial counsel to be without substance. Thus counsel, in his motion for summary disposition pursuant to post-conviction remedy Rule PC. 1, § 4(f) stated: "6. The issue of ineffective assistance of counsel is not material to the disposition of this cause." In the same motion, counsel further stated that: "1. There is no genuine issue of material fact in this cause." Our post-conviction remedy Rule 1 § 4(f) provides that summary disposition is proper:

> ". . . when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible."

Appellant now argues that the court erred in disposing of his petition without holding a hearing as required by the above stated rule. The rule requires that a hearing be held only when there is an issue of material fact. The only ground for relief advanced by appellant in his petition for post-conviction relief which might have presented an issue of material fact was the competency of counsel. Yet appellant expressly withdrew this issue from the court in his motion for summary disposition. Hence, there was no error in disposing of appellant's motion without an evidentiary hearing.

Appellant next argues that the court erred in failing to grant his motion for summary disposition. The sole issue pre-

sented is whether the dictates of *Lawrence* v. *State* (1972), 259 Ind. 306, 286 N.E.2d 830, are applicable to appellant. In *Lawrence*, we held that due process required a bifurcated proceeding where the defendant was charged in a single affidavit with a substantive offense and under the recidivist statute. Since *Lawrence* was before us on direct appeal, we reversed and ordered a new trial in accordance with the procedure outlined in our opinion. In *Enlow* v. *State* (1973), 261 Ind. 348, 303 N.E.2d 658, we were faced with the retroactivity of the *Lawrence* decision. In *Enlow* we held that *Lawrence* was applicable to cases decided on direct appeal after September 11, 1972, the date *Lawrence* was handed down. The question remaining after *Enlow* was whether *Lawrence* would be applicable to all prior convictions which might be challenged under our rules for post-conviction relief. It is appellant's contention that we should now answer this question affirmatively and give *Lawrence* full retroactive sweep.

We have recently considered the contention advanced by appellant in *Prophet* v. *State* (1974), 262 Ind. 312, 315 N.E.2d 699. In *Prophet* we held that we would not apply the *Lawrence* procedure retroactively "to all persons who have been tried, convicted, and found to be habitual criminals in prior non-bifurcated trials." In *Prophet* we definitely rejected a rule of automatic retroactive application. It is possible that a situation might be so fraught with lack of due process as to require the granting of a post-conviction relief such as suggested by the appellant in this case. However, appellant's conviction for vehicle taking, based upon the testimony of his accomplices, does not place appellant within the situation described in *Prophet*. Appellant's petition for post-conviction relief was, therefore, properly denied.

For the reasons stated, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

DISSENTING OPINION

DEBRULER, J.—I vote to remand this case to the trial court with instructions to the trial judge to set aside his judgment and to hold a hearing which would afford the petitioner with an opportunity to demonstrate that there is a strong probability that evidence of past convictions had influenced the decision as to guilt or innocence. In *Prophet* v. *State* (1974), 262 Ind. 312, 315 N.E.2d 699, we first assigned this burden to persons in petitioner's class. This petitioner's post-conviction hearing, in which he sought a new bifurcated trial under *Lawrence* v. *State* (1972), 259 Ind. 306, 286 N.E.2d 830, occurred prior to August 26, 1974, and therefore he could not have known the nature or extent of his burden, or the standard to be applied in such hearings on this issue. He should have that opportunity now without further delay or further pleading in the trial court.

NOTE.—Reported at 318 N.E.2d 353.