Dennis **BURNETT,** Appellant
(Defendant Below),

v.

**STATE of Indiana,** Appellee
(Plaintiff Below).

No. 1081S307.

Supreme Court of Indiana.

Oct. 27, 1981.

Robert L. Bartelt, Jr., Evansville, for appellant (defendant below); Berger, Berger & Bartelt, Evansville, of counsel.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

## ON PETITION TO TRANSFER

PRENTICE, Judge.

Defendant (Appellant) was convicted of Battery, Ind.Code § 35–42–2–1 (Burns 1979) after trial by jury and sentenced to eight (8) years imprisonment. The Court of Appeals affirmed the conviction in an opinion published at 419 N.E.2d 172.

The cause is before us upon Defendant's Petition to Transfer. For the reasons stated below, we grant Transfer, vacate the judgment and opinion of the Court of Appeals, and reverse the judgment of the trial court.

After the jury deliberated for almost six hours, the trial court gave an additional instruction[1] generally referred to as an "*Allen* Charge" over Defendant's objection. The instruction was identical to an instruction which was given in *Guffey v. State*, (1979) Ind.App., 386 N.E.2d 692, 695, except that it omitted one sentence thereof.[2]

In the recent case of *Lewis v. State*, (1981) Ind., 424 N.E.2d 107 we treated the subject of "*Allen* Charges" at length, and we explicitly disapproved the instruction given in *Guffey*. Notwithstanding the slight omission of one sentence variance in the instruction from the one given in *Guffey*, it remains subject to the same criticism that we voiced in *Lewis*, wherein we prescribed the correct procedure under such circumstances:

"The proper procedure is for the court to call the jury back into open court in the presence of all of the parties and their counsel, if they desire to be there, and to reread all instructions given to them prior to their deliberations, without emphasis on any of them and without further comment. This procedure will give the jury the aid necessary for them to continue their deliberations without compounding potential problems as the giving of an Allen-type instruction has done." *Lewis v. State*, (1981) Ind., 424 N.E.2d 107, 111.

We give limited retrospective application to *Lewis v. State, supra,* for the reasons expressed in *Enlow v. State*, (1973) 261 Ind. 348, 303 N.E.2d 658 for giving such retrospective effect to *Lawrence v. State*, (1972) 259 Ind. 306, 286 N.E.2d 830. The "*Allen*" type instruction is apt to seriously impinge

---

1. "This is an important case. If you should fail to reach a decision, the case is left open and undecided. Like all cases it must be disposed of some time. Another trial would be a heavy burden on both sides.

"There is no reason to believe that the case can be tried again any better or more exhaustively than it has been.

"Also, there is no reason to believe that the case would ever be submitted to twelve people more intelligent or more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.

"These matters are mentioned now because some of them may not have been in your thoughts.

"This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

"This does mean that you should give respectful consideration to each others views and talk over any difference of opinion in a spirit of

fairness and candor. If at all possible you should resolve any difference and come to a common conclusion so that this case may be completed.

"You may be leisurely in your deliberations as the occasion may require and take all the time you feel necessary.

"The giving of this instruction at this time in no way means it is more important than any other instruction. On the contrary you should consider this instruction together with and as a part of the instruction which I previously gave you.

"You may now retire and continue your deliberations in such a manner as may be determined by your good judgment as reasonable people."

2. The following sentence included in the *Guffey* instruction was omitted from the instruction under consideration:

"There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side."

upon the fact finding process by improperly influencing the ultimate vote of one or more of the jurors. As in *Enlow,* we apply *Lewis* retrospectively.

"Moreover, in consideration of the impact of this decision on the administration of justice we should point out that we are not here concerned with the absolute retrospective application of the *Lawrence* decision. Because the appellant in this case is before us on a direct appeal from his conviction, the question raised in this case can be fully and completely answered by holding simply that *Lawrence* is applicable to those cases decided on direct appeal after September 11, 1972, the date *Lawrence* was handed down." 261 Ind. at 352, 303 N.E.2d at 660.

Accordingly, *Lewis,* like *Lawrence* applies to those cases decided on direct appeal after July 31, 1981, the date *Lewis* was handed down. *Paneitz v. State,* (1974) 262 Ind. 473, 318 N.E.2d 353; *McPhearson v. State,* (1974) 262 Ind. 468, 318 N.E.2d 355; *Prophet v. State,* (1974) 262 Ind. 312, 315 N.E.2d 699.

Transfer is granted. The decision of the Court of Appeals, First District, is ordered vacated; the judgment of the trial court is reversed, and the cause is remanded for a new trial.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.