**Henry E. HUDSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 182S15.**

Supreme Court of Indiana.

Jan. 20, 1983.

Law Offices of Jack Davis, John F. Davis, Mary Jane Humphrey, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Possession of a Narcotic Drug, Ind.Code § 35–48–4–6 (Burns Supp.1982) and of being an Habitual Offender, Ind.Code § 35–50–2–8 (Burns Supp.1982) and sentenced to thirty-two (32) years imprisonment. On the date set for trial and after the jury had been impanelled, he pled guilty to the offense of "Possession" as a lesser included offense of a charge of Dealing in a Schedule II Controlled Substance, Ind.Code § 35–48–4–2(1) (Burns Supp.1982); thereafter, the habitual offender charge was tried to the jury. The assignments of error presented by this direct appeal relate only to the habitual offender proceeding:

(1) Whether the trial court erred in admitting a photocopy of a portion of the Putnam County Circuit Court's docket sheet, State's Exhibit E–1, into evidence.

(2) Whether the trial court erred in admitting State's Exhibits M and N into evidence.

(3) Whether the trial court erred in allowing the State to amend the habitual offender charge.

(4) Whether the trial court erred in admitting State's Exhibit C–1, assertedly inadmissible hearsay, into evidence.

(5) Whether the trial court erred in allowing the State to charge three prior felony convictions and sentencings.

\*   \*   \*   \*   \*   \*

## ISSUE I

Over objection, the trial court admitted State's Exhibit E–1, a properly certified photocopy of the Putnam Circuit Court's Docket Sheet in State of Indiana vs. Henry Edmon Hudson. The exhibit reflects that on September 30, 1963, Defendant pled guilty to a charge of Escape and was sentenced to one (1) to ten (10) years imprisonment.

Defendant contends that the docket sheet is not an order book entry and consequently is not the "best evidence" of what transpired. He relies upon the familiar maxim that a court speaks only through its order book.

"The best evidence, or original document, rule requires that when the terms of a document are to be proved the original document itself must normally be produced and placed in evidence since it represents the best evidence of its terms." *Enlow v. State,* (1973) 261 Ind. 348, 353, 303 N.E.2d 658, 660–61.

The definition of the best evidence rule belies its inapplicability to this case. We find nothing in the record which discloses a dispute about the contents of the Putnam Circuit Court's order book for September 30, 1963. *See Jackson v. State,* (1980) Ind., 411 N.E.2d 609, 612. Essentially, Defendant reasons that because order book entries prevail over other court records or memoranda to the contrary, the order book entry is better evidence of a prior felony conviction, and thereby necessary evidence of the conviction to sustain an habitual offender charge. The rule, however, is better termed "the original documents rule" and its effect is not to dictate the probative force of alternative evidence but to preclude extrinsic evidence of the content of a document when the document itself is available. It does not appear that the docket entry was introduced for the purpose of showing the content of the order book entry but only to evidence its own content. In this respect, it appears to have been superfluous, because the order book entry also came into evidence as State's exhibit E–2.

## ISSUE II

Defendant objected to State's Exhibits M and N because they contain commitment dates allegedly at odds with one of the prior convictions in the charging instrument:

"That the defendant, Henry E. Hudson, was convicted on November 29, 1973 and sentenced on *December 17, 1973,* in the Vanderburgh Circuit Court, Vanderburgh County, Indiana, Cause number 1321, of a felony, to-wit: Count I, Possession of Dangerous Drugs and Count II, Possession of Dangerous Drug Paraphernalia." R. at 38. (Emphasis added).

State's Exhibit M is a commitment order dated December 17, 1972 in the 1973 term of the Vanderburgh County Circuit Court. It shows a one to ten years term of imprisonment for one Henry Hudson upon convictions for Possession of Dangerous Drugs and Dangerous Drug Paraphernalia, cause number 1321, and carries the appropriate certification by the court clerk. State's Exhibit N consists of State's Exhibit M, an accompanying Department of Corrections record, and a certification by the record keeper. The record bears a date of January 8, 1974 and contains identification data, Defendant's fingerprints, and a prison photograph of Defendant. At trial the State represented that the commitment had occurred in 1973 but that it could not explain the discrepancy in dates. Defendant surmises therefrom that if the date were 1973, it could just as likely have been 1968 or 1980 or any year.

■ Defendant first argues that the difference in dates would lead the jury to think that Defendant had accumulated more than the three alleged prior felony convictions. In light of the record we cannot accept such speculation. Exhibits M and N were not admitted alone. The State also offered Exhibits H & J, the charging instruments for the 1973 prior convictions, Exhibit K, an order book entry showing sentencing set for December 17, 1973 and showing the imposition of sentence. These exhibits were properly certified. Additionally, Exhibit N notes that the Department of Corrections received Defendant on January 8, 1974. Under these circumstances the jury would not have been confused or mislead.

Defendant further claims potential prejudice with respect to Ind.Code § 35–50–2–8(e) (Burns Supp.1982) (in pertinent part):

"If the court finds that ten (10) years or more have elapsed between the date the person was discharged from probation, imprisonment or parole (whichever is later) for the last prior unrelated felony conviction and the date he committed the felony for which he is being sentenced as an habitual offender, then the court may subtract up to twenty-five (25) years from the additional fixed term of thirty (30) years."

He reasons that an erroneous commitment date upon State's Exhibits M and N might persuade the judge not to exercise his statutory discretion to reduce the term. This argument is specious in light of the above related evidence, which proves a commitment occurring on December 17, 1973; however, even if we were to give Defendant the benefit of the doubt and assume that he was committed on December 17, 1972, he, nevertheless, would not have qualified for the reduced term. In this case the statute requires the court to count from the date of discharge from imprisonment upon the *last* prior unrelated felony conviction to the date of the instant offense. Assuming, *arguendo,* that Defendant had been discharged upon the day he was committed, December 17, 1972, which event obviously did not occur, ten years had not elapsed when he committed the offense at bar on May 9, 1980.

We find no merit in Defendant's arguments and no error in the trial court's admission of State's Exhibits M and N into evidence.

### ISSUE III

During the trial and over objection, the trial court allowed the State to amend the information with respect to the above mentioned 1973 prior conviction.

The information had alleged that the defendant " * * * was convicted and sentenced on December 17, 1973, * * *.", and the State was permitted to amend it to conform with the proof, to allege that the defendant " * * * was convicted on November 29, 1973 and sentenced on December 17, 1973, * * *." (Defendant, by his brief has referred to the addition of "on November 19, 1972," which we conclude is a typographical error.)

■ Defendant contends that the amendment was one of substance and not form and that it altered the defenses available to him, but he has not explained what defens-

es he lost. State's Exhibit K shows that Defendant had entered a guilty plea on November 29, 1973 and State's Exhibit L shows that he was sentenced on December 17, 1973. The amendment appears to be insignificant and not to have prejudiced the Defendant's substantial rights. Ind.Code § 35–3.1–1–5(c) (Burns 1979). The trial court did not err in allowing the amendment. *Norris v. State,* (1979) Ind., 394 N.E.2d 144, 148.

### ISSUE IV

Defendant next contends that the trial court erred in admitting State's Exhibit C–1 into evidence. It consists of copies of records concerning an alleged 1968 prior conviction in the State of Kentucky, for Breaking and Entering. The copies are attached to a certification by the Chief Records Officer of the Kentucky State Penitentiary. At trial the State offered this Exhibit and the originals thereof, Exhibit C, after they had been identified by an Internal Service Officer of the Kentucky Department of Corrections. Defendant's examination of the officer disclosed that he was not the record keeper and had neither prepared nor been present during the making of the original documents. In the course of his duties, however, the officer had regular access to the records and had transported them to court.

In response to Defendant's objection the trial court excluded Exhibit C, the originals, and admitted Exhibit C–1, the certified copies. Defendant contends that neither exhibit was admissible under hearsay rule exceptions and that the issue before us is whether copies are admissible when their originals are not. He also notes that the officer was not the recordkeeper and therefore was not a competent witness to provide the foundation necessary for the admission of the documents as business records.

The witness' competence with respect to providing a foundation was immaterial. State's Exhibit C–1 contains the proper certification required by Ind.R.Tr.P.

44(A)(1) so as to render the exhibit admissible under the business records exception to the hearsay rule. *Barnett v. State,* (1981) Ind., 429 N.E.2d 625, 628; *Traylor v. State,* (1981) Ind., 420 N.E.2d 887, 889–90.[1]

### ISSUE V

Defendant lastly contends that the trial court erred in not limiting the habitual offender count to a charge of two prior unrelated felony convictions. Initially the State charged four prior convictions but then reduced it to three. The jury returned a verdict, which found that Defendant " * * * has been previously convicted and sentenced *as charged in the Information herein* and that he is an habitual criminal." R. at 103. (Emphasis added).

Defendant acknowledges our rule that the allegation of a third prior felony is mere surplusage but he correctly posits two situations in which prejudice might accrue to an accused charged with more than two prior felony convictions. However, neither hypothetical applies to the case at bar.

Defendant first notes that a general verdict does not permit the reviewing court to determine which two of three or more prior felonies the jury found; therefore, any error with respect to the proof of any of the alleged prior convictions necessitates a retrial of the entire habitual offender charge. This argument is irrelevant inasmuch as Defendant appears to presuppose that we have found merit in one of his other contentions, which we have not done. Moreover, the verdict returned in this case was not general or ambiguous. The jury found that the defendant had been convicted and sentenced three times, as charged. Had the verdict merely announced that he had been convicted and sentenced two times, we would be left to wonder if the jury had agreed upon the same two. However, that problem is not before us in this case.

Defendant also raises an argument concerning Ind.Code § 35–50–2–8(e); however,

1. To avoid possible confusion, we note that contrary to the State's assertion in its Brief at

13, State's Exhibit C–1 is *not* missing from the record.

since we have found above that he did not qualify for sentencing under that provision, we need not address his claim.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.