SULLIVAN, Justice,
dissenting.
Our long-standing retroactivity rule dictates that new rules of criminal procedure apply to future trials and also to cases pending on direct appeal (or otherwise not yet final) where the issue was properly preserved in the trial court. Smylie v. State, 823 N.E.2d 679, 688-89 (Ind.2005); Ludy v. State, 784 N.E.2d 459, 462 (Ind.2003); Pirnat v. State, 607 N.E.2d 973, 974 (Ind.1993).
Today the Court announces an exception to that retroactivity rule for cases involving warrantless searches of trash that implicate the new rule of Indiana Constitutional law announced in Litchfield v. State, 824 N.E.2d 356 (Ind.2005). In such cases, the new rule applies only if the issue was raised in the trial court before the new rule was announced.
*277 The warrantless search of Membres’s trash in this ease occurred on March 9, 2005. Litchfield was decided on March 24, 2005. Under the traditional retroactivity rule, the Litchfield rule would apply to Membres’s future trial. But under today’s decision, whether the defendant gets the advantage of the new rule, depends on whether Membres raised the issue in the 14-day window prior to March 24. If so, the new rule applies and the evidence is inadmissible; if not, the evidence comes in. But often a prosecutor does not file charges in such a short time period. And even if the prosecutor here had done so, asking that defense counsel assess the vulnerability of the search and seizure to a novel constitutional challenge simply asks too much. . The Court says that “[rjelief ... should not turn on the relative speed with which a specific case reaches appellate resolution.” I agree. But neither should relief turn on the relative speed at which an overworked prosecutor gets charges on file or an overworked defense attorney sits down to examine the case.
I also believe that the reasoning behind the course the Court takes today proceeds from two faulty premises: that our retro-activity rule is governed by Enlow v. State and that deterrence is the primary justification for the exclusionary rule.
While we are most certainly not required to do so, see Danforth v. Minnesota, — U.S. —, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008), this Court has uniformly followed federal precedent in determining whether a new rule of state criminal procedure applies retroactively. The reason this Court adopted Enlow v. State, 261 Ind. 348, 303 N.E.2d 658 (1973), was explicitly to follow the United States Supreme Court’s then-recent decision, Stovall v. Denno, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). When the Supreme Court reversed its course and overruled Stovall in Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), we again followed suit. Pirnat v. State, 600 N.E.2d 1342 (Ind.1992), reh’g granted, 607 N.E.2d 973, 974 (Ind.1993). See also Smylie v. State, 823 N.E.2d at 688-89 (Ind.2005); Ludy v. State, 784 N.E.2d at 462 (Ind.2003). The last time this Court relied on Enlow was in Rowley v. State, 483 N.E.2d 1078, 1082 (Ind.1985), decided two years before Griffith. Since Griffith, we have relied on Griffith exclusively; since 1985, we have not cited to Enlow until today.
The Court justifies its refusal to apply Litchfield retroactively on its view that the objective of the exclusionary rule is deterrence. “[W]e do not exclude the products of unlawful searches and seizures because they are unreliable or immaterial or unduly prejudicial evidence.... We nonetheless exclude [this evidence] because that is the only effective means of deterring improper intrusions into the privacy of all citizens.” Membres v. State, 889 N.E.2d 265, 272 (Ind. 2008). However, the exclusionary rule was adopted not only to deter police misconduct but also to protect the integrity of the judicial process and to protect the rights of criminal defendants. “If the property was secured by search and seizure under the pretext of a search warrant, which was invalid for any reason, then the property so seized could not be used as evidence against the appellant, and its admission over his objection was prejudicial error.” Callender v. State, 193 Ind. 91, 138 N.E. 817, 818 (1922) (citations omitted). Callender’s reliance on both article I, section 11 (prohibiting unreasonable searches and seizures) and article I, section 14 (prohibiting compelled self-incrimination) demonstrates purposes for the exclusionary rule that extend beyond deterrence to protecting the rights of the accused to due process. Andrew C. Krull, Turning Back the Clock: Why the 'Good *278 Faith’ Exception Was Not and Should Not Be Recognized in Indiana, Res Gestae, Oct. 2007, at 29, 33. In point of fact, Callender is silent about the effect of section 11 on police behavior. Id.
We should not create an exception for Litchfield to our long-standing rule on retroactivity based on the incorrect propositions that Enlow is precedent or that deterrence is the only purpose of the exclusionary rule. I respectfully dissent.